UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------

UNITED STATES OF AMERICA,　　　　:　　　Case No. 1:16-cr-124
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　Plaintiff,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
vs.　　　　　　　　　　　　　　　　　　　　　:　　　OPINION & ORDER
　　　　　　　　　　　　　　　　　　　　　　　:　　　[Resolving Docs 54, 60]
SIROUS ASGARI,　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　Defendant.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Sirous Asgari has been indicted by a grand jury for theft of trade secrets, wire fraud, and visa fraud.[1] He moves the Court for an order directing the government to file a bill of particulars specifying precisely which trade secrets he is accused of stealing.[2]

At an earlier hearing, the government stated that it would provide Asgari and his counsel with an expert report containing the information he seeks. The government did eventually provide Asgari with a report; however, Asgari argues that the report does not sufficiently explain the trade secrets the government believes he stole.[3]

Rule 7(f) of the Federal Rules of Criminal Procedure allows a defendant to move for a bill of particulars. Whether to grant a motion for a bill of particulars is a matter committed to the discretion of the district courts.[4]

"A bill of particulars is meant to be used as a tool to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes."[5] It is not meant to be used as a means of discovering all of the

---

[1] Doc. 7.
[2] Doc. 54.
[3] Doc. 60.
[4] *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993).
[5] *Id.*

Case No. 1:16-cr-124
Gwin, J.

evidence the government plans to introduce against the defendant at trial.[6]

While Asgari must know what trade secrets he is accused of stealing in order to effectively prepare a defense to the charge of stealing trade secrets, the government has sufficiently provided him with that information in this case. The indictment describes the trade secrets as "technical specifications regarding the progressive steps of heat treatments using Company A's process for the treatment of metals."[7] And while the expert report provides no description of the trade secrets,[8] the government has provided Asgari with fairly extensive discovery that should be sufficient to apprise him of the information the government may claim amounts to a trade secret.[9]

Asgari may not know exactly what theory of the case the government will pursue at trial, but he is not entitled to that information.[10] Nor is he entitled to force the government to comb through the discovery it has already provided and prepare a roadmap of the case it plans to present at trial.[11]

For those reasons, the Court **DENIES** Defendant Asgari's motion for a bill of particulars.

IT IS SO ORDERED.

Dated: January 17, 2018         *s/         James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[6] *Id.*
[7] Doc. 7 ¶ 16.
[8] Doc. 60-1.
[9] Doc. 61 at 5.
[10] *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008).
[11] *United States v. Addonizio*, 451 F.2d 49, 65 (3d Cir. 1971) (explaining that the government is not required to "weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendant[]").