IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:16CR124 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| SIROUS ASGARI, | ) | GOVERNMENT'S RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| Defendant. | ) | MOTION TO DISMISS CHARGES |

Now comes the United States of America, by and through the undersigned counsel, and hereby files this response in opposition to Defendant Sirous Asgari's Motion to Dismiss Charges. For the reasons set forth below, Defendant's Motion should be denied.

Defendant is charged in a 12-page Indictment with Theft of Trade Secrets, in violation of 18 U.S.C. § 1832(a)(1) and (2) (Count 1); Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts 2-12); and Visa Fraud, in violation of 18 U.S.C. § 1546(a) (Count 13). Defendant contends that Count 1 of the Indictment is defective and should be dismissed because it "lacks sufficient facts to establish a violation of law" - in particular, it fails to identify a trade secret.

Specifically, Defendant claims the government has failed to identify a trade secret, because the trade secret alleged in the Indictment is "public information." (R. 66: Motion to Dismiss, PageID 315-16). Defendant points to the witness statements of two individuals as

support for his contention that the trade secret identified in the Indictment is "academic information," and "publically available." (Id., PageID 316-17). In fact, Defendant's argument for the dismissal of Count 1 relies solely on these witness statements. However, because the issues raised in Defendant's motion involve witness statements, they are therefore credibility issues for the jury to decide. Indeed, to the extent that Defendant submits that the information the government set forth in Count 1 of the Indictment is not a trade secret, he is free to make that argument to the trial jury.

"An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Anderson, 605 F.3d 404, 411 (6th Cir. 2010). Recitation of statutory language is "generally sufficient . . . as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." United States v. Hudson, 491 F.3d 590, 593 (6th Cir. 2007) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)). However, an indictment that simply recites statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description with which he is charged." United States v. McAuliffe, 490 F.3d 526, 531 (6th Cir. 2007) (internal quotation marks omitted). The Sixth Circuit employs "a common sense construction in determining whether an indictment sufficiently informs a defendant of an offense." United States v. Edington, 526 Fed. Appx. 584, 587 (6th Cir. 2013) (citing United States v. Maney, 226 F.3d 660, 663 (6th Cir. 2000)). Indeed, an indictment "must be read as a

whole, accepting the factual allegations as true, and construing those allegations in a practical sense with all the necessary implications." McAuliffe, 490 F.3d at 531.

The charged offense in Count 1 is a violation of 18 U.S.C. § 1832(a)(1) and (2). Section 1832(a) criminalizes any person who "with intent to convert a trade secret, that is related to a product or service used in or intended for use in interstate or foreign commerce, to the economic benefit of anyone other than the owner thereof, and intending or knowing that the offense will, injure any owner of that trade secret, knowingly (1) steals, or without authorization appropriates, takes, carries away, or conceals . . . or (2) without authorization copies, duplicates, sketches, draws, photographs, downloads, uploads, alters, destroys, photocopies, replicates, transmits, delivers, sends, mails, communicates, or conveys such information." The fact that the stolen/appropriated/concealed/copied/duplicated, etc. information is in fact a trade secret is an element of Section 1832(a)(1) and (2). See generally United States v. Hsu, 155 F.3d 189, 195-96 (3rd Cir. 1998) (discussing elements); 18 U.S.C. § 1839(3), (4) (definition of "trade secret").

Count 1 of the Indictment clearly tracks the language of the statute and thus contains the elements of the offense, including the identification of an actual trade secret. The Indictment charges the offense as follows:

> From on or about November 4, 2012, through on or about April 30, 2013, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant SIROUS ASGARI, with intent to convert a trade secret, that is related to or included in a product used in and intended for use in interstate and foreign commerce, to the economic benefit of anyone other than the owner thereof, and intending and knowing that the offense would injure Company A, did knowingly steal, and without authorization appropriate, take, carry away, and conceal and without authorization copy, duplicate, sketch, draw, photograph, download, upload, alter, destroy, photocopy, replicate, transmit, deliver, send, mail, communicate and convey **a Company A proprietary trade secret, to wit: technical specifications regarding the progressive steps of heat treatments using Company A's process for the treatment of metals.**

(R. 7: Indictment, PageID 39) (emphasis added).

The Indictment tracks the language of Section 1832(a)(1) and (2), and is therefore "generally sufficient." See Hudson, 491 F.3d at 593. See also United States v. Collis, 128 F.3d 313, 317 (6th Cir.1997) (holding that an indictment was sufficient because "[t]he charged offense fully tracks the relevant language of" the statute); United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001) ("An indictment is usually sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense."). Count 1 identifies the trade secret, which is "technical specifications regarding the progressive steps of heat treatments using Company A's process for the treatment of metals." In addition, the Indictment "must be read as a whole." See McAuliffe, 490 F.3d at 531. Count 1 immediately follows an extensive, 14-paragraph "General Allegations" section, which is applicable "[a]t all time relevant to [the] Indictment," and provides specific information about Company A and its carburization process. (R. 7: Indictment, PageID 32-39). Moreover, Count 1 re-alleges and incorporates by reference the entire "General Allegations" section of the Indictment. (Id., PageID 39).

In addition to identifying the trade secret, the Indictment further describes this unique process, its value to Company A's business, and the steps Company A takes to keep the information secret:

> The Navy Project involved **testing and developing improvements to an existing, unique Company A technological process** (hereinafter the "Company A Process") to harden and strengthen stainless steel and increase its anti-corrosive properties. The Company A Process had been designed as a means to produce commercially viable, less expensive stainless steels that exhibited many similar characteristics and attributes as more expensive forms of specialty metals. **The Company A Process was part of Company A's interstate and foreign business and was important to the overall success of Company A's product lines. Company A patented the Company A process and undertook specific and practical measures to protect the Company A Process**, as well as seeking to protect ongoing [Research and Development "R&D"] work on

4

> **improvements to this technology that have not been patented**.  Under existing company policy and practice, **Company A did not provide any raw data or proprietary technical information about the Company A Process to any customers or competitors.**
>
> Company A required that every student or University A employee who worked on the Navy Project at Laboratory A sign a written **non-disclosure agreement** with Company A (the "NDA").  Company A permitted any form of academic publishing by University A **only after pre-publication review and approval** by Company A.  Company A provided raw data or proprietary technical information on the Company A Process to employees of University A or Laboratory A, or any person Company A believed to be part of the University A research team, **only on a need-to-know-basis**.  Any such raw data or proprietary technical information was to be applied only to the dedicated R&D project, such as the Navy Project, subject to the NDA, **and could not be used for any other purpose.**

(R. 7: Indictment, PageID 34) (emphasis added).  These facts are consistent with the definition of "trade secret" found at 18 U.S.C. § 1839(3):

> [A]ll forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if (A) **the owner thereof has taken reasonable measures to keep such information secret**; and (B) **the information derives independent economic value**, actual or potential, **from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.**

Indeed, while Defendant is entitled to a "plain concise statement of the essential facts constituting the offenses charged, the indictment need not provide . . . the evidentiary details by which the government plans to establish . . . guilt." United States v. Morgenstern, 842 F.2d 333, 1988 WL 24210, *8 (6th Cir. March 17, 1988) (citing United States v. Gordon, 780 F.2d 1165, 1171-72 (5th Cir. 1986)).  See United States v. Case, No. 3:06-CR-210-WHBJCS, 2008 WL 1932403, *7 (S.D. Miss. Apr. 25, 2008), rev'd in part on other gnds, 309 Fed. Appx. 883 (5th Cir. 2009) (trade secrets are identified in indictment with sufficient specificity).

5

Finally, Defendant already raised this very issue in his Motion for a Bill of Particulars, moving that the government be directed to identify specific trade secrets. (R. 54: Motion). This Court denied that Motion on January 17, 2018. (See R. 63: Order, PageID 291). In that Order, this Court reasoned that the Indictment did in fact specify a trade secret: "[t]he indictment describes the trade secrets as 'technical specifications regarding the progressive steps of heat treatments using Company A's process for the treatment of metals.' And while the expert report provides no description of the trade secrets, the government has provided [Defendant] with fairly extensive discovery that should be sufficient to apprise him of the information the government may claim amounts to a trade secret." (Id., PageID 292).

The Indictment recites the statutory language of Section 1832(a)(1) and (2) in Count 1, explicitly referencing Company A's proprietary trade secret ("technical specifications regarding the progressive steps of heat treatments using Company A's process for the treatment of metals"). This, in conjunction with the facts set forth in the "General Allegations" portion of the Indictment, dispels any notion of insufficiency. Moreover, because the issues raised in Defendant's motion involve witness statements, they are therefore credibility issues more appropriately left to the jury to decide. To the extent that Defendant contends that the information the government set forth in Count 1 of the Indictment is not truly a trade secret, he is, of course, free to make that argument to the jury.

For the foregoing reasons, the United States respectfully requests that this Court deny Defendant's Motion to Dismiss Charges.

                                                      Respectfully submitted,

                                                      JUSTIN E. HERDMAN
                                                      United States Attorney

By:   /s/ Daniel J. Riedl
        Daniel J. Riedl (OH: 0076798)
        Om M. Kakani (NY: 4337705)
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3756/3669
        (216) 522-7358 (facsimile)
        Om.Kakani@usdoj.gov
        Daniel.Riedl@usdoj.gov

        William A. Mackie,
        Trial Attorney, National Security
        Division, Department of Justice

CERTIFICATE OF SERVICE

    I hereby certify that on this 29th day of January, 2018, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

        /s/ Daniel J. Riedl
        Daniel J. Riedl
        Assistant U.S. Attorney