**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO: 1:16-CR-124 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE JAMES S. GWIN |
| -vs- | : | |
| | : | **DEFENDANT SIROUS ASGARI'S** |
| SIROUS ASGARI, | : | **REPLY TO GOVERNMENT'S** |
| | : | **RESPONSE TO MOTION** |
| | : | **TO SUPPRESS** |
| Defendant. | : | (Hearing Requested) |

Defendant Sirous Asgari, through counsel, submits this reply to the government's response in opposition to his motion to suppress.  For the reasons set forth below and in his motion to suppress, Dr. Asgari requests this Court grant his motion and suppress all evidence obtained in response to the February 26, 2013 and January 28, 2015 search warrants.  Alternatively, Dr. Asgari requests this Court hold an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

### a. The February 26, 2013 affidavit does not contain probable cause.

The affidavit in support of the February 26, 2013 search warrant fails to present any nexus between Dr. Asgari and any criminal activity.  The affidavit relies on the fact that he was sending emails to his Iranian students while at CWRU and to CWRU prior to his arrival in the United States.  This does not support probable cause that a crime is being, or has been, committed.  The government in its response argues that the defense incorrectly "compartmentalizes" the affidavit and erroneously asserts that "probable cause is based only upon his Iranian citizenship."  The government then goes on to explain why his Iranian citizenship provides probable cause.  The

government accuses the defense as "operat[ing] in a vacuum and neglect[ing] the very pertinent nature of the United States' relationship with Iran." (Response in Opp. Page 9).  The defense stands by its statement – Dr. Asgari was targeted by the United States government because he is Iranian and the statement in the February 26, 2013 search warrant does not amount to probable cause.

There is nothing in the affidavit to support the assertion that Dr. Asgari was transferring defense technology to Iran in violation of IEEPA.  Dr. Heuer, the person for whom Dr. Asgari was doing research, told FBI Special Agent Boggs that Dr. Asgari did not have access to any information that was not in the "public domain."  In Iran, Dr. Asgari has access to online patents, trade journals, and student theses papers.  He had access to a TEM and has been teaching Iranian university students TEM for 20 years.[1]  He has published numerous papers on TEM research.  Dr. Asgari's access to CWRU's TEM is not any evidence that he was transferring defense technology to Iran.  Any statement to the contrary is disingenuous.

**b.  The good faith exception does not apply and Dr. Asgari is entitled to a hearing.**

FBI SA Boggs was dishonest, or at the very least reckless, when he chose to omit specific, relevant facts in his February 26, 2013 affidavit seeking a search warrant for Dr. Asgari's emails.  SA Boggs cites the number of emails Dr. Asgari exchanged with CWRU prior to his visa application as evidence that his true intent was to travel the U.S. to work at CWRU and not to visit his children.  Conspicuously absent from this affidavit is the number of times Dr. Asgari and his children exchanged emails planning his visits to the U.S.  This information would have been

---

[1] Dr. Asgari concedes that during some periods of time over the years, the TEM was not functioning because it needed to be repaired.  However, it is not permanently out of commission and has been repaired over the years.

known to SA Boggs at the time he prepared the affidavit, as this data was a part of the same response from Google pursuant to the subpoena issued under 18 U.S.C. § 2703(d).[2]

SA Boggs was reckless in his presentation of the Iranian student paper regarding use of autonomous underwater vehicles ("AUVs").  The affidavit suggests this paper is evidence of an Iranian Navy project that would be able to take advantage of U.S. Navy Research.  SA Boggs omits the important facts that this was a student paper, conducted at Kish Island, and relates to the use of AUVs in search of natural resources.  This paper is not related to an Iranian defense project. Moreover, SA Boggs failed to make clear that Dr. Asgari did not have access to any confidential or protected U.S. Navy research.  Dr. Heuer told SA Boggs that Dr. Asgari only had access to "academic information" that was in the "public domain."  This information is available to Dr. Asgari in Iran and cannot be evidence of an IEEPA violation.

Dr. Heuer told SA Boggs that Dr. Asgari was working on a collaborative research project with an Iranian-American CWRU colleague.  The government argues this is further evidence that he did not intent to come to visit is children but to gain access to research instruments not available in Iran.  This is false.  Dr. Asgari's collaboration with Dr. Pirouz and Dr. Reza Sharghi-Moshtaghin did not involve Dr. Asgari using any research equipment at CWRU.  Dr. Asgari did not have to be physically present in the U.S. for this collaboration.  In fact, most of the work was done while he was in Iran through email.  True, the two professors discussed edits to the now published paper while Dr. Asgari was here at CWRU.  However, the collaboration is not evidence of any possible IEEPA violation.  Furthermore, SA Boggs's affidavit is not forthcoming about the possible reasons

---

[2] This subpoena requested all records and non-content information relating to Dr. Asgari's Google email account from October 1, 2011 until January 31, 2013. The data given to SA Boggs by Google in response to this warrant was the basis for the chart contained in the February 26, 2013 search warrant. See pages 6-7.

why Dr. Asgari would be emailing Dr. Pirouz and Dr. Reza Sharghi-Moshtaghin prior to his second visa application.  SA Boggs knew from his interview with Dr. Heuer that Dr. Asgari was working on a collaborative research project with Dr. Pirouz prior to his arrival and that this may explain the email traffic.  Yet, SA Boggs failed to provide this important detail in his affidavit.  This information would have directly undercut SA Boggs's stated probable cause – that Asgari's email communications with CWRU officials prior to his visa application would show his true reason for coming to the U.S. was to work at CWRU.

This is not the case where law enforcement acted in good faith so that the violation of Dr. Asgari's Fourth Amendment rights may be overlooked.  SA Boggs's reckless omissions to his affidavit resulted in a search warrant being issued without probable cause.  This does not meet the good faith exception provided by the U.S. Supreme Court in *Leon*. *United States v. Leon*, 468 U.S. 897, 914-22 (1984).  Dr. Asgari is entitled to a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978).

A defendant is entitled to an evidentiary *Franks* hearing on the veracity of the statement in the affidavit when: (1) there is a substantial preliminary showing that a false statement knowingly and intentionally or with reckless disregard for the truth was included by the affiant in the warrant affidavit; and (2) a finding of probable cause would not be supported by the remaining content of the affidavit when the allegedly false material is set aside.  *Franks*, 438 U.S. at 154.  "If the defendant does succeed in making a preliminary showing that the government affiant engaged in 'deliberate falsehood' or 'reckless disregard for the truth' in omitting information from the affidavit, the court must then consider the affidavit including the omitted portions and determine whether probable cause still exists."  *United States v. Atkin*, 107 F.3d 1213, 1216-17 (6th Cir. 1977) (citing *United States v. Bonds,* 12 F.3d 540, 568 n. 26 (6th Cir.1993)).  When all of the

4

relevant information known to SA Boggs at the time he prepared the affidavit is reviewed, it is clear that there is no probable cause to believe Dr. Asgari was engaged in criminal activity.

For all of the foregoing reasons and the reasons set forth in his motion to suppress, Dr. Asgari requests this Court grant his motion and suppress all evidence obtained in response to the February 26, 2013 and January 28, 2015 search warrants.  Alternatively, Dr. Asgari requests this Court hold an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

Respectfully submitted,

s/ STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar:  0051928
s/ EDWARD G. BRYAN
Assistant Federal Public Defender
Ohio Bar: 0055556
s/ CATHI ADINARO
Attorney at Law
Ohio Bar: 0088731
1660 West Second Street, #750
Cleveland, OH 44113
(216)522-4856 Fax:(216)522-4321
E-mail: stephen_newman@fd.org
E-mail: edward_bryan@fd.org
E-mail: cathi_adinaro@fd.org

Counsel for Sirous Asgari

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 5, 2018, a copy of the foregoing Reply was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by email. Parties may access this filing through the Court's system.

s/ STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar:  0051928