**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO: 1:16-CR-124 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE JAMES S. GWIN |
| -vs- | : | |
| | : | **DEFENDANT SIROUS ASGARI'S** |
| SIROUS ASGARI, | : | **REPLY AND SUPPLEMENT TO** |
| : | : | **HIS MOTION TO DISMISS** |
| Defendant. | : | (Hearing Requested) |

Defendant Sirous Asgari, through counsel, respectfully submits this reply to the government's opposition to his motion to dismiss. Additionally, in compliance with this Court's January 30, 2018 Order, Dr. Asgari supplements his motion to dismiss with patents and published papers evidencing, as a matter of law, that the government has not alleged any trade secret.

The government asserts that the issue of whether something qualifies as a trade secret is a question of fact for the jury and not proper for a motion to dismiss. Yet, information in the public domain is, as a matter of law, not a trade secret. *See United States v. Liew*, 856 F.3d 585, 598 (9th Cir. 2017) ("it was undisputed at trial that disclosures in patents and textbooks would destroy trade secret protection."). "Public disclosure, that is the absence of secrecy, is fatal to the existence of a trade secret." *See Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp*., 587 F.3d 1339, 1355 (Fed. Cir. 2009) (quoting *In re Providian Credit Card Cases,* 96 Cal.App.4th 292, 304, 116 Cal.Rptr.2d 833 (2002)). Information may only be a trade secret if it is not generally known to, or readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information. *See* 18 U.S.C. § 1839(3)(B).

Attached as exhibits are patents and a Ph.D. thesis containing extensive information on low temperature carburization, including patents for low temperature carburization in a vacuum furnace using acetylene. Because the subject matter is complex and nuanced, Dr. Asgari respectfully requests this Court hold an evidentiary hearing so that he can present an expert to explain why the information alleged to be a trade secret is, as a matter of law, not a trade secret.

Pursuant to this Court's Supplemental Protective Order, the defense must get permission from Swagelok before counsel can show protected documents to any potential defense expert. Undersigned counsel is still waiting on approval from Swagelok. Because undersigned counsel has not been able to discuss the trade secret allegation in any detail with the expert, Dr. Asgari requests the Court give him some time to prepare for the hearing and permit him to supplement this filing with additional documents demonstrating public disclosure should more become known after a discussion of the protected documents.

Respectfully submitted,

s/ STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928
s/ EDWARD G. BRYAN
Assistant Federal Public Defender
Ohio Bar: 0055556
s/ CATHI ADINARO
Attorney at Law
Ohio Bar: 0088731
1660 West Second Street, #750
Cleveland, OH 44113
(216)522-4856 Fax:(216)522-4321
E-mail: stephen_newman@fd.org
E-mail: edward_bryan@fd.org
E-mail: cathi_adinaro@fd.org

Counsel for Sirous Asgari

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2018, a copy of the foregoing Reply was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by email. Parties may access this filing through the Court's system.

s/ CATHI ADINARO
Attorney at Law
Ohio Bar: 0088731