UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA,    :     Case No. 1:16-cr-124
                                                :
       Plaintiff,                      :
                                                :
vs.                                             :     OPINION & ORDER
                                                :     [Resolving Doc. 66]
SIROUS ASGARI,                      :
                                                :
       Defendant.                    :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

A grand jury indicted Defendant Sirous Asgari for theft of trade secrets, wire fraud, and visa fraud.[1] Asgari moves to dismiss the theft of trade secrets charge, arguing that—as a matter of law—that any disclosed information was not a trade secret.[2] For the reasons that follow, the Court **DENIES** Asgari's motion to dismiss.

The indictment in this case accuses Asgari of disclosing "technical specifications regarding the progressive steps of heat treatments using Company A's process for the treatment of metals."[3] It alleges that information amounts to a trade secret.[4] With his motion, Asgari argues that, as a matter of law, the heat treatment process cannot be a trade secret because it is the subject of an approved patent and the application for that patent is public information.[5]

Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure allows a defendant to move, prior to trial, to dismiss an indictment for "failure to state an offense." While a number of Circuits restrict district courts faced with a motion to dismiss to considering only the face of the

---

[1] Doc. 7.
[2] Doc. 66.
[3] Doc. 7 ¶ 16.
[4] *Id.*
[5] Docs. 66, 82.

indictment,[6] the Sixth Circuit is not so strict.

In the Sixth Circuit, "legal questions" may be decided by the Court on a motion to dismiss where "trial of the substantive charges would not substantially assist the Court in deciding the legal issue raised by the motion to dismiss the incitement."[7]

In deciding those questions, "Rule 12 directs the district court to make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion as long as the court's findings on the motion do not invade the province of the jury."[8] Findings of fact do not invade the province of the jury where: (1) they do not concern the merits of the underlying charge, (2) are "easily isolated from the issues on the merits" or "are essentially undisputed," and (3) "raise a legal issue, not a factual one."[9]

But even under this more lenient framework, whether the heat treatment process at issue in this case is a trade secret is not a question that the Court can decide on a motion to dismiss.

A trade secret exists where "(1) the owner took 'reasonable measures' to keep the information secret, (2) the information is not readily ascertainable by the public, and (3) the information derives economic value from its secrecy."[10] Whether information satisfies this definition is not a question ancillary to the merits of the charge of theft of trade secrets, such as whether a statute of limitations has passed or a specific immunity provision applies.[11] Indeed, it is an element of the offense itself.[12] And that places the question squarely in the province of the jury, not the Court.

---

[6] *See, e.g. United States v. Sharpe*, 438 F.3d 1257, 1258–59 (11th Cir. 2006); *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).
[7] *United States v. Jones*, 542 F.2d. 661, 665 (6th Cir. 1976).
[8] *See United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997); *Jones*, 542 F.2d at 664.
[9] *See id.* at 1127.
[10] *United States v. Du*, 570 F. App'x. 490, 500 (6th Cir. 2014).
[11] *Contra. Craft*, 105 F.3d at 1126–27; *Jones*, 542 F.2d at 663–66.
[12] *See United States v. Howley*, 707 F.3d 575, 579 (6th Cir. 2013).

No one disputes, nor could they dispute, that the heat treatment process was—at the time Asgari allegedly disclosed some aspects of that process—the subject of a public patent application.[13] And that application was published on February 10, 2011[14]—well before Asgari allegedly disclosed details of the heat treatment process.[15] It seems obvious to the Court that this application, if it contained all of the information that Asgari allegedly disclosed, would preclude any claim that the heat treatment process was a trade secret. After all, the application is readily available to the public.[16]

The government contends, however, that some aspects of the heat treatment process, specifically the times and temperatures at which the process is most efficient, were not disclosed in the patent applications.[17] That information about this process is therefore, the government says, still a trade secret.[18]

That contention may be difficult to prove. The patent application itself says that "[d]ifferent temperatures can also be used for activation and carburization, although there is no particular advantage in doing so."[19] Moreover, patent applicants are subject to a duty of candor and good faith, which includes "a duty to disclose to the [Patent and Trademark Office] all information . . . that is material to the issue of patentability."[20] And federal law requires a patent applicant to "set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention" such that it can be replicated.[21]

---

[13] *See* Transcript of Evidentiary Hearing (hereinafter "Tr.") at 125–130; U.S. Patent App. No. 12/850,925 (filed Aug. 5,2010).
[14] *Id.* at 1.
[15] Doc. 7 at ¶ 16.
[16] *Published Patent Application Access and Status Information Sheet for Members of the Public*, United States Patent and Trademark Office (last visited Mar. 3, 2018), https://www.uspto.gov/patents-application-process/patent-search/published-patent-application-access-and-status-information.
[17] Tr. at 128–30.
[18] *See id.*
[19] U.S. Patent App. No. 12/850,925 at [0044] (filed Aug. 5,2010).
[20] *Avid Identification Sys., Inc. v. Crystal Import Corp.*, 603 F.3d 967, 974 (Fed. Cir. 2010).
[21] 35 U.S.C. § 112(a).

It is true that Congress removed failure to disclose the "best mode" of carrying out the invention as a defense to patent infringement.[22] But Congress nonetheless chose to retain the "best mode" requirement itself, even as it removed a private means for enforcing it.[23] So while some patent attorneys may now advise that "if you can get a patent without disclosing the best mode there are no negative ramifications," they nonetheless must acknowledge that "in the unlikely circumstance where the patent examiner discovers a failure to disclose the best mode[,] patent claims can be denied" and "[i]nventors are almost always (i.e., 99.99% of the time) better off disclosing the best mode so that it can be specifically claimed."[24] Plus, it is a strange thing for the government to rely on a company's apparently willful violation of one statute to prosecute a private individual for violating a different one.

Nonetheless, the potential difficulty of proving the trade secrets charge at trial is not a reason to grant Asgari's motion to dismiss. Whether the specific time and temperature ranges are, as the government contends, a trade secret or instead, as Asgari contends, a matter of public record is a question of fact for the jury. Or, at the very least, it is a question best reserved for a motion for a judgment of acquittal after the presentation of the government's case or the presentation of all the evidence. The existence of a trade secret is a central element to a theft of trade secrets charge. It is not an ancillary factual issue unconnected to the merits that the Court may decide before trial.

For those reasons, the Court **DENIES** Defendant Asgari's motion to dismiss. Asgari is, of course, permitted to argue at trial that the information he allegedly disclosed does not amount to a

---

[22] Shashank Upadhye, *Generic Pharmaceutical Patent and FDA Law* § 1.63, Westlaw (updated July 2016).
[23] *Id.* ("It's curious that Congress chose to maintain the express requirement of a best mode disclosure under 35 U.S.C.A. § 112, first paragraph, but chose to repeal the violation of Section 112, first paragraph as a grounds for invalidity.").
[24] *See, e.g.* Gene Quinn, *Patent Drafting: Appropriately Disclosing Your Invention*, IPWatchdog (Aug. 20, 2014), http://www.ipwatchdog.com/2014/08/30/patent-drafting-appropriately-disclosing-your-invention/id=50956/.

trade secret and to present evidence at trial in support of that argument.  He is also free to raise that argument in a motion for judgment of acquittal.

    IT IS SO ORDERED.

Dated:  March 5, 2018                      *s/       James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE