# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO: 1:16-CR-124 |
| Plaintiff, | : : | |
| | : | JUDGE JAMES S. GWIN |
| -vs- | : : | |
| | : | **DEFENDANT SIROUS ASGARI'S** |
| SIROUS ASGARI, | : | **MOTION TO WAIVE JURY** |
| | : | **TRIAL** |
| | : | |
| Defendant. | : | |

Defendant Sirous Asgari, through counsel, and under Rule 23(a) of the Federal Rules of Criminal Procedure, waives his right to a jury trial and respectfully requests this Court adjudicate his case.  A memorandum in support is attached.

                                  Respectfully submitted,

                                  s/ STEPHEN C. NEWMAN
                                  Federal Public Defender
                                  Ohio Bar:  0051928
                                  s/ EDWARD G. BRYAN
                                  Assistant Federal Public Defender
                                  Ohio Bar: 0055556
                                  s/ CATHI ADINARO
                                  Attorney at Law
                                  Ohio Bar: 0088731
                                  1660 West Second Street, #750
                                  Cleveland, OH 44113
                                  (216)522-4856 Fax:(216)522-4321
                                  E-mail: stephen_newman@fd.org
                                  E-mail: edward_bryan@fd.org
                                  E-mail: cathi_adinaro@fd.org

                                  Counsel for Sirous Asgari

**MEMORANDUM**

Dr. Sirous Asgari, an Iranian citizen, is charged with: one count of theft of trade secrets, in violation of 18 U.S.C. § 1832(a)(1), (2); eleven counts of wire fraud, in violation of 18 U.S.C. § 1343; and one count of visa fraud, in violation of 18 U.S.C. § 1546(a).[1] The subject matter of the alleged trade secret is "technical specifications regarding the progressive steps of heat treatments using Company A's process for the treatment of metals."[2]

A defendant charged in federal criminal court has a constitutional right to a trial by jury. *See* U.S. CONST., art. III, § 2, amend VI. However, Rule 23(a) of the Federal Rules of Criminal Procedure allows a defendant to waive his right to a jury trial when the waiver is in writing, the government consents to the waiver, and the court approves the waiver. Dr. Asgari, through the instant Motion, waives his right to a jury trial under Rule 23(a).

Dr. Asgari previously gave verbal notice to the government of his intention to waive his right to a jury trial and to submit his case to adjudication by the Court. The Government has informed undersigned counsel that it opposes a trial to the bench. Dr. Asgari respectfully moves this Court to try the case without a jury to ensure an impartial trial.

The United States Supreme Court addressed jury trial waivers in federal criminal matters in *Singer v. United States*, 380 U.S. 24 (1965). There, Singer argued he was entitled to waive his right to a jury trial in order to shorten the trial and save time.[3] The government refused to consent and the trial court submitted Singer's case to a jury. The Supreme Court stated, "The ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of

---

[1] (Dkt. 7).
[2] (Dkt. 63, Page 2 citing Dkt. 7, ¶ 16).
[3] *Id.* at 25.

that right."[4] Thus, the Supreme Court held it was proper for Singer's case to be submitted to a jury because Singer's stated reason for wanting to waive his right to a jury trial did not present a compelling reason to override the government's refusal to consent to a trial by the court.[5]

The Supreme Court limited the scope of its decision in *Singer* by recognizing that there may be situations in which a defendant's reason for waiving the right to a jury trial would override the government's refusal to consent to a trial by the court:

> We need not determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial.[6]

The Sixth Circuit acknowledges that, under *Singer*, the facts and circumstances of a given case may require trial by a court rather than a jury to ensure a fair and impartial trial.[7]

In order to be valid, a jury trial waiver must be knowing, voluntary, and intelligent, though the defendant need not have a detailed, technical understanding of the right.[8] Rather, he need only understand "the 'implications' of his waiver as well as the benefits and burdens of choosing a bench trial over a jury trial.[9] "It is a defendant's prerogative to take the stand, enter a guilty plea, or waive a jury trial. . ."[10]

The facts and circumstances of this case require that Dr. Asgari's trial be presented to the Court rather than a jury in order to ensure a fair and impartial adjudication. Specifically, a bench

---

[4] *Id.* at 34-35.
[5] *Id.* at 37.
[6] *Id.* at 37.
[7] *United States v. Wright*, 491 F.2d 942, 945 (6th Cir. 1974).
[8] *E.g., Johnson v. Wolfenbarger*, 391 Fed. App'x 510, 516 (6th Cir. 2010) (citing *Lott v. Coyle*, 261 F.3d 594, 615 (6th Cir. 2001)).
[9] *Id.*
[10] *See Campbell v. United States*, 686 F.3d 353, 359 (6th Cir. 2012).

trial is appropriate here, because Dr. Asgari's nationality presents an unusually high risk of bias and the subject matter of the trade secret is very complex.

The government alleges Dr. Asgari was working on a United States Navy Project. The defense anticipates there will be testimony from government witnesses that there was a fear Dr. Asgari was unlawfully transferring technology to Iran. While this bias alone may have been able to be mitigated by a thorough voir dire, this bias in combination with the complex subject matter of the alleged trade secret presents a real danger that Dr. Asgari will not have a fair and impartial jury.

At trial, the government must prove that the information shared with Dr. Asgari is in fact a trade secret. The alleged trade secret is "technical specifications regarding the progressive steps of heat treatments using Company A's process for the treatment of metals." The testimony regarding the alleged trade secret is expected to be overly technical and complex. In this current political climate, there is a genuine risk that the jurors will not listen to the highly technical testimony and find Dr. Asgari guilty out of fear, regardless of what the evidence shows.

For these reasons, Dr. Asgari submits it would be improper for the Court to require this case to be submitted to a jury. The only way to ensure Dr. Asgari's case is decided fairly and impartially is to allow this Court to adjudicate this case. Dr. Asgari, therefore, waives his right to a jury trial and requests that the Court agree to a bench trial of this case.

Respectfully submitted,

s/ STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928
s/ EDWARD G. BRYAN
Assistant Federal Public Defender
Ohio Bar: 0055556
s/ CATHI ADINARO

4

                Attorney at Law
                Ohio Bar: 0088731
                1660 West Second Street, #750
                Cleveland, OH 44113
                (216)522-4856 Fax:(216)522-4321
                E-mail: stephen_newman@fd.org
                E-mail: edward_bryan@fd.org
                E-mail: cathi_adinaro@fd.org

                Counsel for Sirous Asgari

## CERTIFICATE OF SERVICE

    I hereby certify that on March 27, 2018, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by email. Parties may access this filing through the Court's system.

                                            s/ CATHI ADINARO
                                            Attorney at Law
                                            Ohio Bar: 0088731