IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:16CR124 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| SIROUS ASGARI, | ) | GOVERNMENT'S RESPONSE IN |
| | ) | OPPOSITION TO MOTION TO MODIFY |
| Defendant. | ) | THE CONDITIONS OF BOND |

Now comes the United States of America, by and through the undersigned counsel, and hereby files this response in opposition to Defendant Sirous Asgari's Motion to Modify the Conditions of Bond.  For the reasons set forth below, Defendant's Motion should be denied.

Defendant requests that he be permitted to move to New York, New York, that his ankle monitor be removed, that his travel not be restricted to Cuyahoga County, that his curfew be lifted and that Pretrial Services be ordered to assist him in obtaining a "TSA compliant state photo ID." (R. 1441: Motion, PageID 1441-43).  As an alternative to Pretrial assisting him in obtaining a state ID, Defendant requests that his passport be returned to him and that he be placed on an "international do not fly list." (Id. at 1443).  Defendant justifies this request by claiming that his "children cannot financially afford to support Dr. Asgari's independent living for the duration of his appeal." (Id.).

Defendant is charged with federal crimes of theft of trade secrets, wire fraud, and visa fraud.  The offenses charged carry a significant statutory maximum penalty.  The trade secret charge carries a 10 year sentence, the wire fraud charges each carry a 20 year sentence, and the

visa fraud count carries a 10 year sentence.  The seriousness of the conduct alleged in this case, with a potential prison sentence looming, provides incentive for Defendant to flee.

Defendant's personal characteristics also support close supervision.  Most significantly is that Defendant is a citizen of Iran.  He is not a U.S. citizen.  He has no legal status in the United States.  He was able to travel to the United States in June 2017 on a parole visa for the sole purpose of being arrested on the warrant issued in this case.  Iran is his home.  He has significant family, financial, and professional ties to Iran.  He does not here.  He is employed by a state-operated university in Tehran, Iran, focusing on the field of metallurgical sciences.  Further, compared with other foreign powers, the United States has limited diplomatic relations with Iran.  No extradition treaty is currently in force between the United States and Iran.[1]  No active mutual legal assistance relationship currently exists between the United States and Iran.[2]  If Defendant is released from custody and flees to Iran, there will be no extradition.

His ties to the local area are non-existent.  Although he worked at Case Western Reserve University in Cleveland, Ohio, for a short period of time, it was his conduct at that institution that formed the basis for the Indictment in this case.  And while Defendant may have two children in the United States, neither of them live in this District.  One lives in New York, the other in California.  Neither of these border states provide reasonable assurance that this Defendant, under these circumstances, will appear as required.

Defendant's requests are unreasonable.  Defendant is charged in the Northern District of Ohio and should remain in the district pending the outcome of the present appeal.  The conditions of Defendant's release were the result of a negotiated agreement between the parties.

---

[1] https://www.state.gov/documents/organization/71600.pdf

[2] https://www.state.gov/j/inl/rls/nrcrpt/2016/vol2/253357.htm

It is disingenuous for Defendant to claim that his current conditions create a hardship when he created those conditions himself.  Defendant asked for release and agreed to the conditions of bond.  He chose to rent an apartment costing $2,200 per month, a rate more than three times the average rental price for a studio apartment in Cleveland.[3]  Defendant created this so-called hardship and now seeks to turn it to his benefit.  If he is unhappy about the burden he has placed on his children, he should not have asked for release or should have chosen a less-expensive lifestyle.

Some of the conditions defendant requests are wholly unfeasible.  Defendant requests that Pretrial Services be ordered to assist Defendant in obtaining a "TSA compliant state photo ID." (R. 1441: Motion, PageID 1441-43).  How Pretrial Services is supposed to obtain a state ID for an alien with no legal status is left to the imagination.  In the alternative, Defendant requests that his passport be returned to him and that he be placed on an "international do not fly list."  Defendant voluntarily signed his passport over to Immigration and Customs Enforcement as a condition of his release.  To return his passport to him would make it easier for him to flee, thereby increasing his risk of flight.  Defendant's request that his name be placed on an "international do not fly list," is nonsensical.  The No Fly list is maintained by the FBI's Terrorist Screening Center and is maintained for "those who are known or reasonably suspected of being involved in terrorist activities."[4]  Asgari does not meet the criteria for this list.  Even if he did, there is no such thing as an "international do not fly list" that would permit Defendant to travel only on domestic flights.  Placing Defendant on the No Fly list would prohibit him from

---

[3] https://www.rentcafe.com/average-rent-market-trends/us/oh/cleveland/

[4] https://www.fbi.gov/about/leadership-and-structure/national-security-branch/tsc

boarding any commercial aircraft that traverses U.S. airspace.[5]  He would not be eligible to receive a boarding pass for any flight, whether foreign or domestic.[6]

   Defendant has little incentive to stay, and all of the reason, and the means, to flee back to Iran.  Once he is gone, he is gone for good.  He is a significant international flight risk, and he should be closely monitored in the district his case is pending; namely, the Northern District of Ohio.  His Motion should be denied without a hearing.

                                         Respectfully submitted,

                                         JUSTIN E. HERDMAN
                                         United States Attorney

                              By:     /s/ Daniel J. Riedl
                                         Daniel J. Riedl (OH: 0076798)
                                         Assistant United States Attorney
                                         United States Court House
                                         801 West Superior Avenue, Suite 400
                                         Cleveland, OH 44113
                                         (216) 622-3669
                                         (216) 685-2378 (facsimile)
                                         Daniel.Riedl@usdoj.gov

---

[5] https://www.fbi.gov/file-repository/terrorist-screening-center-frequently-asked-questions.pdf/view

[6] https://www.tsa.gov/blog/2012/05/11/individuals-no-fly-list-are-not-issued-boarding-passes

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of April 2018 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ Daniel J. Riedl
Daniel J. Riedl
Assistant U.S. Attorney