# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO: 1:16CR00124 |
| | : | |
| Plaintiff, | : | JUDGE JAMES S. GWIN |
| | : | |
| -vs- | : | |
| | : | |
| SIROUS ASGARI, | : | **REPLY TO GOVERNMENT'S** |
| | : | **OPPOSITION TO DEFENDANT'S** |
| | : | **MOTION TO MODIFY BOND** |
| Defendant. | : | (Hearing Requested) |

Dr. Sirous Asgari, through undersigned counsel, respectfully submits this reply to the government's response in opposition to his motion to modify his bond. (Dkt. 116, 118).

Generally, it make sense for a defendant to remain in the district while his case is being litigated in the district court.  However, Dr. Asgari's district court case is stayed pending a resolution of the government's appeal.  There is no need for him to remain in the area while the case is on appeal.  It will likely be eight months or more before the appeal is resolved and this Court regains jurisdiction.

The government argues Dr. Asgari's modification request should be denied because he is more of a flight risk in New York than he is here in Cleveland.  This argument is without merit.  First, Dr. Asgari will be supervised by the Pretrial Services Office in the Southern District of New York.  While Dr. Asgari maintains that electronic monitoring is not necessary, it is certainly within this Court discretion.  Even without the electronic monitoring, Dr. Asgari will have to periodically report to his assigned probation officer.  He will still be under supervision, with or without GPS monitoring.

The government argues that the risk of Dr. Asgari fleeing the county is too great if he moves to New York because it is a boarder state. (Dkt. 118, PageID 1449).  This is absurd. If Dr. Asgari wanted to flee the country, he could do so just as easily from Ohio.  The reality is he does not want to leave the country before this case is resolved.  Dr. Asgari has steadfastly maintained his innocence.  Fleeing the country before this case is resolved will cause irreparable damage to his profession reputation.  He has spent his life building a career as a professor and a research scientist.  The allegation of stealing a company's trade secret will negatively affect his ability to work with companies on future research projects.  Dr. Asgari wants to stay in the United States and defend against these allegations.

Additionally, Dr. Asgari wants to move to New York because he has family ties there.  He has no connections to the Northern District of Ohio.  One of the factors the Court is to consider when determining a defendant's flight risk is his connections to the community.  *See* 18 U.S.C. 3142(g)(1)(3)(A).  He has connections to New York.  He has no connections in Cleveland.  To argue, as the Government does, that the absence of connections to the community in New York mitigate in favor of continuing supervision in Cleveland is therefore, likewise, absurd.  Dr. Asgari is not a flight risk in either district, but he is more anchored to New York than to Cleveland.

The government argues this Court should not consider the financial burden to Dr. Asgari's children for him to remain in this district.  According to the government, Dr. Asgari created the hardship by selecting an overly expensive apartment.  The average rent cited by the government is misleading.  Even so, Dr. Asgari did not select this apartment, his children did—at the time it was rented Dr. Asgari was in the custody of Immigration and Customs Enforcement.  Second, the Government seemingly ignores the fact that Dr. Asgari needed an apartment downtown, in close proximity (walking distance) to both his attorneys and this Court.  He has no means of

transportation and needed daily access to his lawyers' office and to the courthouse. This significantly limited the apartments available for selection. Third, because he has no ties to the area, he had no access to furniture or household goods. He therefore needed a furnished apartment. This further limited the apartments available for selection. Finally, at the time this apartment was leased there was no trial schedule. The case was still under seal. Given that Dr. Asgari had no idea how long he would be in the area, he was forced into a short-term lease. This further narrowed the apartments available for selection.

The government also argues that this Court should not consider the financial burden to Dr. Asgari's children because Dr. Asgari chose to be out on bond and has the option of going back to jail. Requiring a defendant to remain incarcerated because he cannot afford bond smacks of injustice. *See Rodriguez v. Providence Cmty. Corr., Inc.*, 155 F. Supp. 3d 758, 768 (M.D. Tenn. 2015) ((quoting *Pugh v. Rainwater*, 572 F.2d 1053, 1057 (5th Cir.1978), "Utilization of a master bond schedule provides speedy and convenient release for those who have no difficulty in meetings its requirements. The incarceration of those who cannot, without meaningful consideration of other possible alternatives, infringes on both due process and equal protection requirements."). Dr. Asgari has a place to live rent free in New York. The Pretrial Services Office in the Southern District of New York will conduct a home assessment of the residence and their approval of the apartment is a condition precedent to them accepting supervision of Dr. Asgari.

It will likely be eight months or more before this Court regains jurisdiction. Meanwhile, there is no need for Dr. Asgari to remain in the district. The Southern District of New York is willing and able to supervise him while he resides with his son. For all of the foregoing reasons, Dr. Asgari respectfully requests this Court grant his motion and transfer his pretrial supervision to the Southern District of New York.

Respectfully submitted,

s/ STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar:  0051928
s/ EDWARD G. BRYAN
Assistant Federal Public Defender
Ohio Bar: 0055556
s/ CATHI ADINARO
Attorney at Law
Ohio Bar: 0088731
1660 West Second Street, #750
Cleveland, OH 44113
(216)522-4856 Fax:(216)522-4321
E-mail: stephen_newman@fd.org
E-mail: edward_bryan@fd.org
E-mail: cathi_adinaro@fd.org

Counsel for Sirous Asgari

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2018, a copy of the foregoing Reply was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by email. Parties may access this filing through the Court's system.

s/ CATHI ADINARO
Attorney at Law
Ohio Bar: 0088731