# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO: 1:16CR00124 |
| | : | |
| Plaintiff, | : | JUDGE JAMES S. GWIN |
| | : | |
| -vs- | : | |
| | : | |
| SIROUS ASGARI, | : | **MOTION TO MODIFY THE** |
| | : | **CONDITIONS OF BOND** |
| Defendant. | : | |

Dr. Sirous Asgari, through undersigned counsel, respectfully moves this Court to transfer his pretrial supervision to the Northern District of California so that he may live with his daughter pending a resolution of the government's interlocutory appeal.

This Court previously modified the conditions of Dr. Asgari's pretrial release to transfer supervision to the Eastern District of New York. (Dkt. 120).  This Court subsequently modified Dr. Asgari's curfew, but left all other conditions of release in place.  (Dkt. 122).  As such, Dr. Asgari remains on GPS monitoring, must remain within the Eastern and Southern Districts of New York, and must remain in his home from 10:30 P.M. to 6:30 A.M. daily. (Dkt. 120, 122).  He has been compliant with all conditions of bond.  His case remains stayed pending an interlocutory appeal by the government, a resolution of which could take close to a year.

Dr. Asgari initially requested permission to transfer his pretrial supervision to the Southern District of New York to live with his son, Mohammad, in Brooklyn who lived alone in a small one-bedroom apartment of three hundred square feet.  At that time, it was not clear that air travel was possible for Dr. Asgari.  Therefore, transfer to California, to live with his daughter, was not considered an option.  While the conditions in New York were tight, they were sufficient for Dr.

Asgari, and relieved his family of a significant financial burden—remaining in Cleveland cost his family over $2,200.00 a month in rent alone. Dr. Asgari, having been paroled into the country for prosecution, is unable to work, is not being supported by his University, and has no source of income. Including food and other living expenses, over the course of his stay in Cleveland Dr. Asgari's children spent over $30,000.00 of their own savings to support their father. He is completely dependent on his children for support. Moving to New York, then, just made sense.

Since Dr. Asgari's arrival in New York, Mohammad's living conditions have changed. Dr. Asgari now shares this very small apartment with both his son, and his son's girlfriend. This has created problems to the extent that Dr. Asgari now feels to be a burden to his son's personal life. Yet Dr. Asgari's daughter, Zahra, a resident of Northern California, has a three-bedroom home where Dr. Asgari could easily live. Undersigned counsel has communicated with Dr. Asgari's Cleveland Pretrial Services Officer, Ms. Kristine Lorentz. She, in turn, has communicated with Pretrial Services in Northern California. That office would accept supervision of Dr. Asgari. However, they will only accept Dr. Asgari for supervision if electronic monitoring is removed as a condition of release, or if electronic monitoring is replaced with radio frequency ("RF") monitoring. If this Court were to grant Dr. Asgari's request, Pretrial Services would present Dr. Asgari with a letter, authorizing him to travel by air to California. Should his presence be required again in Cleveland, a similar letter would be issued to him by pretrial services in Northern California.

For over a year now Dr. Asgari has lived under various conditions ranging from confinement, to house arrest, to electronic monitoring. Given that his wife's U.S. visa application was denied without so much as an interview, he remains separated from his wife and youngest daughter, both of whom remain in Iran. Yet Dr. Asgari has family members and friends, each of

whom reside in different cities in California, including Irvine, Los Angeles, Santa Rosa, San Francisco, Riverside, etc.  He has no relatives other than his son in New York. He has given no indication of any interest in flight. He, more than any party to this controversy, desires resolution of his case under the law.  He has demonstrated his desire to stand and fight these charges.  He is not a flight risk.

Additionally, continued electronic monitoring of Dr. Asgari is not necessary.  He respectfully requests that his supervision by the Pretrial Services Office in the Northern District of California not include GPS monitoring or the associated curfew.  The curfew would be truly a burden to Dr. Asgari in California, since it practically prevents his visit to his close family members who reside distant from, but within driving distance of, his daughter's residence in Redwood City.  Alternatively, Dr. Asgari requests that his supervision be transferred to the Northern District of California, his travel be limited to the Northern, Central and Eastern Districts, (the Southern District being excluded due to its proximity to the border), that his curfew be lifted, and that his electronic monitoring be changed to radio frequency monitoring.

For all of the foregoing reasons, Dr. Asgari respectfully requests this Court grant his motion and transfer his pretrial supervision to the Northern District of California, with freedom of movement throughout the state of California, and elimination of both the electronic monitoring and curfew.  The remaining conditions of supervision are sufficient to ensure Dr. Asgari will not flee.  The past 14 months has been very destructive to Dr. Asgari's personal life. He respectfully requests that the Court consider his situation.

                                                  Respectfully submitted,

                                                  s/ STEPHEN C. NEWMAN
                                                  Federal Public Defender

        Ohio Bar: 0051928
        s/ EDWARD G. BRYAN
        Assistant Federal Public Defender
        Ohio Bar: 0055556
        s/ CATHI ADINARO
        Attorney at Law
        Ohio Bar: 0088731
        1660 West Second Street, #750
        Cleveland, OH 44113
        (216)522-4856 Fax:(216)522-4321
        E-mail: stephen_newman@fd.org
        E-mail: edward_bryan@fd.org
        E-mail: cathi_adinaro@fd.org

        Counsel for Sirous Asgari

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2018, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by email. Parties may access this filing through the Court's system.

s/ CATHI ADINARO
Attorney at Law
Ohio Bar: 0088731
