IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:16CR124 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| SIROUS ASGARI, | ) | GOVERNMENT'S RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| Defendant. | ) | RENEWED MOTION TO WAIVE JURY |
| | ) | TRIAL |

Now comes the United States of America, by and through the undersigned counsel, and hereby files this Response in Opposition to Defendant Sirous Asgari's Renewed Motion to Waive Jury Trial. (R. 114, PageID 1624-33). For the reasons set forth below, Defendant's Motion should be denied.

Defendant is charged with one count of Theft of Trade Secrets, in violation of 18 U.S.C. §§ 1832(a)(1) and (2); eleven counts of Wire Fraud, in violation of 18 U.S.C. § 1343; and one count of Visa Fraud, in violation of 18 U.S.C. § 1546(a). Defendant now, for a second time, moves this Court to try his case without a jury. This Court denied Defendant's initial request for a bench trial on April 3, 2018, finding that the voir dire process would be "sufficient to mitigate any risk of bias stemming from Asgari's nationality." (R. 114: Order, PageID 1438). Moreover, the Court noted it was "confident that this case is not so complex that a jury of Asgari's peers would be unable to fairly and competently weigh the evidence." (Id.). Rehashing the same arguments made in his initial Motion to Waive Jury Trial (See R. 101: Motion, PageID 1162),

Defendant again claims it would be improper for the Court to require his case be submitted to a jury due to his nationality and the complex nature of the case.  Defendant also points to recent media coverage of U.S.-Iranian relations in support of his Motion.  The United States submits Defendant's Renewed Motion should be denied for the same reasons articulated in the Court's previous Order.  Defendant's motion, at its core, asks this Court to reconsider its previous ruling denying his motion to waive a jury trial.

The Federal Rules do not describe motions to reconsider. The Sixth Circuit, however, has held in civil contexts that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment.  See Smith v. Hudson, 600 F.2d 60, 62 (6th Cir.1979) ("[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment.").  Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose. Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc., 904 F.Supp. 644, 669 (N.D.Ohio 1995).

A court may grant such a motion if the moving party shows a clear error of law, newly discovered evidence, or an intervening change in controlling law.  The court may also grant such a motion to prevent manifest injustice. See Gencorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.1999).  "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.' " McConocha v. Blue Cross & Blue Shield Mut. of Ohio, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996) (quoting In re August 1993 Regular Grand Jury, 854 F.Supp. 1403, 1408 (S.D.Ind.1994)).

A defendant may intelligently consent to waive the right to a jury trial, but only with the consent of the Government and the approval of the court. See Singer v. United States, 380 U.S. 24, 34 (1965) ("[T]here is no federally recognized right to a criminal trial before a judge sitting alone . . . [t]he ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right."); see also Fed. R. Crim. P. 23(a). Defendant again relies on dicta in Singer in support of his argument, as that Court inferred that there may be circumstances or situations where the "[g]overnment's insistence on trial by jury would result in the denial to a defendant of an impartial trial." Id. at 37. However, the facts and circumstances surrounding this case still do not come within any exception suggested by the Court in Singer.

Defendant again points to the "technical and complex" subject matter of the trade secret. (R. 146: Motion, PageID 1623). But the fact that a case is complex is not sufficient reason to circumvent a trial by jury. See United States v. Simon, 425 F.2d 796, n.1 (2d Cir. 1969) ("[T]he complexity of the subject matter of the alleged offense does not alone entitle a defendant to a non-jury trial over the objection of the prosecutor."); United States v. Wright, 491 F.2d 942, 945 (6th Cir. 1974) (no abuse of discretion in denying right to bench trial in narcotics prosecution, notwithstanding that defendants attempted to maintain a defense of entrapment, which they asserted was a technical defense which jury could not comprehend). Indeed, "this case is not so complex that a jury of Asgari's peers would be unable to fairly and competently weigh the evidence." (R. 114: Order, PageID 1438).

Defendant also points to his nationality and the "extensive media coverage" concerning political tensions with Iran, contending that "it would not be a leap for a juror to conclude . . . that [Defendant] was trying to steal military secrets or help develop Iranian military technology." (R. 146: Motion, PageID 1627). However, any potential bias could be mitigated through an

3

extensive and thorough voir dire process.  See, e.g., United States v. Farries, 459 F.2d 1057 (3d Cir. 1972); United States v. Reyes, 8 F.3d 1379 (9th Cir. 1993) (Defendant failed to establish government improperly refused to consent to waiver of jury trial, where "passion prejudice and public feeling" defendant feared would jeopardize his right to impartial trial were specifically addressed and guarded against by trial judge during voir dire); United States v. Campa, 459 F.3d 1121 (11th Cir. 2006) (District court's careful and thorough voir dire was sufficient to rebut any presumption of jury prejudice; District court has wide discretion in conducting voir dire in area of pretrial publicity and in other areas that might tend to show juror bias); United States v. Cardenas-Borbon, 629 F. Supp. 2d 445 (M.D. Pa. 2009) (Approval of defendant's waiver of jury trial on ground that defendant did not want his immigration status to create bias among jurors was not warranted; charges were readily comprehensible to jury, jurors had been screened for ethnic bias during voir dire and instructed to guard against bias).  The United States agrees with this Court that "the voir dire process will be sufficient to mitigate any risk of bias stemming from Asgari's nationality."  (R. 114: Order, PageID 1438).

Finally, Defendant alludes to the Government's concern over "testimony impermissibly bleeding over into the law."[1]  (R. 146: Motion, PageID 1627).  As such, the Government hereby renews its argument that Defendant should be prohibited from introducing evidence or testimony concerning patent or immigration law in this matter.  (See R. 105: United States' Trial Brief,

---

[1] Defendant improperly characterizes Valerie Chittenden's testimony.  (See R. 146: Motion, PageID 1627, n. 12).  As noted in the Government's trial brief, Ms. Chittenden's testimony goes to materiality, not law.  She will be providing expert testimony regarding Defendant's 2012 visa application.  She will testify as to the visa application process, specifically the characteristics and nature of the relevant visa categories and the operation of the on-line visa application process.  Among other things, Ms. Chittenden will opine that it is material to the decision to grant a B1/B2 visa if an applicant states that the purpose of his or her trip was to visit children, not to accept or seek employment.  Ms. Chittenden will not testify about the application of the law to the facts.

4

PageID 1275-89). Discussion of such law would be both confusing and intrude on the province of the jury as the ultimate fact-finder. Evidence in the form of testimony or exhibits discussing statutes, legal treatises, case law, internet postings and documents that include citations to the law or that attempt to interpret the law should be excluded from evidence in this case. Indeed, introduction of such evidence through documents or witnesses would invade the province of the court to instruct the jury regarding the law. See, e.g., United States v. Poschwatta, 829 F.2d 1477, 1483 (9th Cir. 1987) ("The court acts as the jury's sole source of the law.").

The Government does not consent to Defendant's waiver of a jury trial. Under Rule 23(a) of the Federal Rules of Criminal Procedure, where a defendant is entitled to a jury trial, the trial must be by jury unless: "(1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." The Government's consent is a necessary element of the waiver of jury trial, and the Defendant does not have a right to have his case tried before a judge alone. Singer, 380 U.S. at 26-36. Because the Government does not give its consent, Defendant's motion should be denied. Moreover, this case does not present any "other factor . . . render(ing) unlikely an impartial trial by jury." Singer, 380 U.S. at 38. While the "exceptional circumstances" dicta of Singer suggests an exception to Rule 23(a), no such circumstances exist here.

As for Defendant's alternative request for permission for attorneys from both parties to conduct voir dire, the United States defers to this Honorable Court. Undersigned counsel has tried cases before this Court in the past, and has every confidence in the Court's ability to select a fair and impartial jury. See, e.g., Ham v. South Carolina, 409 U.S. 524, 527 (1973) (The trial judge has broad discretion to formulate and choose the questions and the method of conducting voir dire.).

5

For the foregoing reasons, the United States respectfully requests that this Court deny Defendant's Renewed Motion to Waive Jury Trial.

                                                Respectfully submitted,

                                                JUSTIN E. HERDMAN
                                                United States Attorney

By:    /s/ Daniel J. Riedl
         Daniel J. Riedl (OH: 0076798)
         Om M. Kakani (NY: 4337705)
         Assistant United States Attorneys
         United States Court House
         801 West Superior Avenue, Suite 400
         Cleveland, OH 44113
         (216) 622-3669/3756
         (216) 522-7358 (facsimile)
         Daniel.Riedl@usdoj.gov
         Om.Kakani@usdoj.gov

         William A. Mackie
         Trial Attorney, National Security Division
         United States Department of Justice

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Daniel J. Riedl
Daniel J. Riedl
Assistant U.S. Attorney