# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:16-CR-124 |
| Plaintiff, | : | |
| | : | JUDGE JAMES S. GWIN |
| -vs- | : | |
| | : | |
| SIROUS ASGARI, | : | **DEFENDANT'S OBJECTION AND** |
| | : | **MOTION TO RECONSIDER ORDER** |
| Defendant | : | **AUTHORIZING THE WITHHOLDING** |
| | : | **OF DISCOVERY** |
| | : | (HEARING REQUESTED) |

Defense counsel objects to the order granting the government's request to withhold discovery from the defense and moves this Court to reconsider.[1]

On January 27, 2019, the government filed notice of filing a "Classified Ex Parte, In Camera, and Under Seal Motion for a Protective Order" pursuant to the Classified Information Procedures Act ("CIPA").[2] Shortly thereafter, this Court issued an order granting the government's request to withhold discovery from the defense.[3] Because the order was issued shortly after the notice was filed, undersigned counsel had no opportunity to object. Defense counsel does so now.

All three undersigned counsel hold active security clearances. Attorneys Newman and Adinaro hold Top Secret level clearances, and Attorney Bryan holds a security clearance at the Secret level. In particular, Attorney Newman is a retired Marine Colonel. He has held a clearance in some form since at least 1984. His current clearance level is Top Secret—Sensitive Compartmented Information (TS-SCI). By way of proffer, Attorney Newman avers that, while

---

[1] (R. 150).
[2] (R. 149).
[3] (R. 150).

there is no clearance higher than Top Secret, information can be classified higher than Top Secret by being designated either Sensitive Compartmented Information (SCI) or Special Access Program (SAP). A TS-SCI clearance means he is eligible to have access to information classified at or above Top Secret. During his 32 years of service in the Marine Corps, Attorney Newman read, reviewed, wrote, and provided operational advice to combatant commanders[4] on hundreds of classified documents. In cases where the defense attorneys have been granted the security clearance necessary to view the classified materials, their clearance weighs in favor of a more complete disclosure of the information. *United States v. Brown*, No. 5:14-CR-58-FL, 2014 WL 1572553, at *4 (E.D.N.C. Apr. 18, 2014) (*See In re Terrorist Bombings in E. Afr.*, 552 F.3d 93, 120–122 (2d Cir. 2008) (holding that CIPA authorizes district courts to limit access to classified information to persons with the proper security clearance); *United States v. Libby,* 429 F.Supp. 2d 18, 23–24 (D.D.C. 2006) (considering the security clearances of defense counsel in striking balance under CIPA § 4), *reconsidered in part by United States v. Libby,* 429 F.Supp. 2d 46 (D.D.C. 2006)). Because all three counsel have security clearances, including one attorney cleared at the highest level possible, this Court should favor disclosure of the classified discovery in this case.

Counsel not only have security clearances but they also have a need to know. The government is seeking permission to withhold information that would otherwise be discoverable under the Federal Rules of Evidence.[5] If this information did not fall within that rule, the government would have no obligation to turn it over and therefore would have no reason to seek

---

[4] Formerly known as Commanders-In-Chief ("CINC") of unified and sub-unified combatant commands, such as Pacific Command, European Command, United Nations Command, U.S. Forces Korea, etc, the title CINC was deleted in favor of "Combatant Commander" by then-Secretary of Defense Donald Rumsfeld. He asserted that the term "Commander-In-Chief" was a Constitutional title applicable to one, and only one, institutional leader—the President. *See* Jim Garamone, "CINC" Is Sunk, DoD News (Oct. 25, 2002), https://archive/defense.gov/news/newsarticle.aspx?id=42568.

[5] *See* Fed. R. Evid. 16.

permission to withhold it. Additionally, at the June 12th status conference it was mentioned that the information is *Brady* material. Withholding evidence that is material either to guilt or to punishment is a violation of Professor Asgari's due process rights. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). The classified information, however, need not qualify as *Brady* material to require disclosure.

The government's privilege to withhold discovery is "a qualified one in the sense that it must give way when the information is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause." *Brown*, 2014 WL 1572553, at *2 (quoting *United States v. Abu Ali*, 528 F.3d 210, 247 (4th Cir. 2008)) (internal quotations omitted). The "government's interest in protecting national security . . . cannot override the defendant's right to a fair trial." *Id*. (quoting *United States v. Fernandez*, 913 F.2d 148, 154 (4th Cir. 1990)). Classified information "that is at least 'helpful to the defense of the accused'" may not be withheld from the defense in discovery. *Brown*, 2014 WL 1572553, at *3 (quoting *United Sates v. Mejia*, 448 F.3d 436, 456-57 (D.C. Cir. 2006)). Moreover, "[d]efendants and their counsel are in the best position to know whether information would be helpful to their defense." *Brown*, 2014 WL 1572553, at *3. "[C]ourts have recognized that defendants are thus disadvantaged by not being permitted to see the information sought to be withheld from discovery and assist the court in assessing its helpfulness." *Id.* (citing *Mejia*, 448 F.3d at 458; *United States v. Yunis*, 867 F.2d 617, 624 (D.C. Cir. 1989)). The Court is not in a position to know the "factual nuances of the case" and therefore "can not on its own surmise, for example, whether the date of a particular communication would be helpful to the defense, or whether the number of times a certain topic was raised in conversation, or the specific wording used to express an idea, might support a defendant's theory of the case." *Brown*, 2014 WL 1572553, at *4. In determining whether the classified information should be

disclosed to defense counsel with the appropriate security clearance, this Court should afford any benefit of the doubt to the defense. *Mejia*, 448 F. 3d at 458.

It is hard to imagine what threat to national security would occur by disclosing classified information to defense counsel who have already been vetted and granted security clearances. Courts have granted protection orders under CIPA but required the information to be disclosed to defense counsel with the necessary security clearance. *See, e.g., United States v. Al Fawwaz*, No. S7-98-CR-1023, 2014 WL 6997604, (S.D.N.Y. Dec. 8, 2014). Counsel is not asking for the government to turn over any classified documents. Instead, counsel is simply requesting permission to view the documents at the designated secured location. Undersigned counsel is ready, willing, and able to travel to a secured facility to view the documents.

There is no good cause to withhold classified information from undersigned counsel in this case. Undersigned counsel objects to this Court's order granting the government authority to withhold discovery and respectfully request this Court reconsider its order in light of the foregoing information.

Respectfully submitted,

s/ STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928
s/ EDWARD G. BRYAN
Assistant Federal Public Defender
Ohio Bar: 0055556
s/ CATHI ADINARO
Attorney at Law
Ohio Bar: 0088731
1660 West Second Street, #750
Cleveland, OH 44113
(216)522-4856 Fax:(216)522-4321
E-mail: stephen_newman@fd.org

E-mail: edward_bryan@fd.org
E-mail: cathi_adinaro@fd.org

Counsel for Sirous Asgari

### **CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2019, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

s/ CATHI ADINARO
Attorney at Law
Ohio Bar: 0088731