**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:16-CR-124 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE JAMES S. GWIN |
| -vs- | : | |
| | : | |
| SIROUS ASGARI, | : | **DEFENDANT'S RESPONSES IN** |
| | : | **OPPOSITION TO GOVERNMENT'S** |
| Defendant | : | **TRIAL BRIEF.** |
| | : | |
| | : | (HEARING REQUESTED) |

Professor Asgari, through undersigned counsel, submits the following responses in opposition to the government's trial brief.[1]

**1. Testimony about the law should be prohibited from both parties.**

The government requests this Court prohibit the defense from introducing evidence about the law because "[i]t is within the sole providence of the court 'to determine the applicable law and to instruct the jury as to that law.'"[2] The government then, confusingly, requests the Court "limit" defense testimony and questions about patent law.[3]

In addition to immigration law, certain aspects of patent law are relevant to Professor Asgari's defense. To be clear, Professor Asgari is not attempting to collaterally attack the validity of a patent in his criminal trial. However, what information a company must include in a patent for it to be valid is relevant information for the jury to consider in deciding how much weight to give to any testimony from a Swagelok employee that the company withheld certain information

---

[1] (R. 105: Govt Trial Brief).
[2] (R. 105: PageID 1275-82).
[3] (R. 105: PageID 1283-86).

from its patent. The defense disagrees with the government's assertion that patent law is not relevant in this case.

The defense does agree that it is the role of this Court to inform the jury of the applicable law. For this reason, Professor Asgari agrees not to elicit testimony on the law provided the government is likewise constrained. For example: Amanda J. Tyson, a State Department employee will testify about the "characteristics and nature of the relevant visa categories." Additionally,

> Ms. Tyson will opine that a person admitted into the United States under a B1 or B2 visa cannot work for another person or entity and is permitted only to attend business related events such as conventions or training conferences. . . Ms. Tyson will further opine . . . that a nonimmigrant B-1/B-2 visa does not authorize a person to work in the United States or authorize an academic or scientific researcher to conduct research at United States institutions that would benefit the United States institution. She will further testify that any academic or scientific researcher who intended to conduct research work that would benefit a United States institution was required to obtain either an H-1B Temporary Worker visa or a J Exchange Visitor visa. Ms. Tyson will testify that should the Department of State admit a person into the United States on a proper B1/B2 visa, and that person subsequently wants to change their status to hold either a J or H1 visa (a work visa), work is not permitted in the interim until the actual change of status is granted by the U.S. Citizenship and Immigration Services of the Department of Homeland Security.

Government's Rule 16 notice. Ms. Tyson's testimony as detailed above is impermissible testimony about the law and should be prohibited by this Court.

Similarly, Mark Murray, the Director of Office of Immigration at CWRU, is expected to testify about the need for foreign visiting researchers and professors to obtain a J1 or H1B visa. If his testimony about the "need" for a particular type of visa is based on what is legally permissible for each type of visa, this would be testimony on the law and impermissible.

The government is correct that "[i]t is within the sole providence of the court 'to determine the applicable law and to instruct the jury as to that law.'"[4] As such, the defense agrees that all witnesses, including the government's witnesses, should be prohibited from testifying about the

---

[4] (R. 105: PageID 1275-82).

law. The defense will propose stipulations of relevant patent and immigration law to be given by the Court at the appropriate time and objects to any government witness testifying about the law.

## 2. Rule of Completeness

Professor Asgari objects to Government Exhibit 1402, which is a short clip of an interview the FBI conducted with Professor Asgari on April 24, 2013. The government begins the clip just over three minutes into the meeting. Eliminating the prior three minutes, cuts out important information. In that three minutes the FBI agent thanks Professor Asgari for meeting him on such short notice and explains why he wanted to talk to him. The two discuss the fact that the meeting request was a surprise to Professor Asgari. More importantly, the agent asks Professor Asgari what brings him to Cleveland and Professor Asgari explains that he came to the United States to visit his two children. This goes to the heart to the dispute with respect to the charge of visa fraud.

The defense has asked the government to add the preceding three minutes of the interview to set the context of the interview and to provide the jury with the complete answer Professor Asgari gave to the FBI when asked about why he traveled to the United States. The government has declined, arguing that this portion is self-serving hearsay. Professor Asgari now formally objects and asks this Court to require the government to amend its exhibit 1402 to include the additional dialogue under the rule of completeness.[5]

The government is using exhibit 1402 in an effort to argue that Professor Asgari lied to the State Department by saying that he was coming to the United States to visit his children. This is exactly the first thing he told Agent Olson when he was asked at the beginning of the interview – the portion of recording that the government does not want the jury to hear. Under the rule of completeness, the jury should know that the FBI agent asked Professor Asgari what brought him

---

[5] *See* Fed. R. Evid. 106.

to Cleveland and he explained that he came to the United States first, and foremost, to visit his children. The visit to CWRU was secondary. In fairness, the jury ought to consider Professor Asgari's entire answer to the question of what brought him to the United States as this is the whole basis for the allegation of visa fraud. Professor Asgari requests this Court require the government to modify exhibit 1402 to begin approximately 3 and-a-half minutes earlier, at the start of the interview.

### 3. Summary/Demonstrative exhibits.

#### a. Timeline

The government states that it will submit "summary charts" to "depict, among other things, a timeline demonstrating the order of Asgari's interactions with CWRU and Swagelok employees."[6] Professor Asgari seeks to clarify two points.

First, any summary used must be "accurate and nonprejudical."[7] The information must be summarized "accurately, correctly and in a nonmisleading manner."[8] While the government notes that it will provide the summary charts to defense counsel prior to trial, undersigned counsel has not yet received them. Professor Asgari therefore preserves his right to object to the charts if they are inaccurate or misleading.

Second, assuming the charts are accurate and nonprejudical, Professor Asgari has no objection to the charts being used as summaries offered only to "summarize, clarify, or simplify testimonial" evidence. Professor Asgari does object if the charts are being offered as evidence without the underlying documents.

---

[6] (R. 105, PageID 1291-92).
[7] *United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998).
[8] *Id.*

The commentary notes for the Sixth Circuit Pattern Jury Instruction 7.12 clarifies the various ways summary evidence may be handled. Primary-evidence summaries are offered to the jury instead of the underlying documents. Pedagogical-device summaries are offered as a way to summarize, clarify, or simplify testimony. Pedagogical-device summaries are not themselves evidence but simply an illustrative aid. Lastly, there are secondary-evidence summaries which are pedagogical device summaries that are admitted into evidence along with the underlying documents.

Professor Asgari objects to any primary-evidence summaries and request the jury be given the underlying documents to consider. If the government seeks to introduce pedagogical-device summaries, Professor Asgari requests this Court give Sixth Circuit Pattern Jury Instruction 7.12. If the government seeks to admit secondary-evidence summaries into evidence, the defense requests this Court give Sixth Circuit Pattern Jury Instruction 7.12A.

**b.    Visa Application Process**

The government states that it will submit pedagogical exhibits to assist the jury in understanding the Visa Application process. Similar to the above, Professor Asgari has not seen the exhibits as of yet and reserves the right to object to the exhibits if they are inaccurate or misleading.[9] Additionally, Professor Asgari requests the appropriate jury instruction for the exhibits.[10]

**4. Character Evidence.**

The government appears to assert that the fact that Professor Asgari is a known "material science expert  . . . and a family man with significant ties to the United States" is inadmissible character evidence. This is false.

---

[9] *United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998).
[10] *See* Sixth Cir. Pattern Instruction 7.12, 7.12A.

Professor Asgari *is* a family man with significant ties to the United States. This is not character evidence but a fact. This fact goes to the heart of the visa fraud allegation. The government alleges that Professor Asgari lied to the State Department when he applied for a visitor visa. Professor Asgari's ties to the United States is not character evidence and Fed. R. Evid. 405 does not apply. Additionally, Professor Asgari's background and skill and a materials scientist is relevant evidence and is not being offered as "good guy character evidence."

Moreover, the defense may offer character evidence under Fed. R. Evid. 404(a)(2)(A). This rule allows a defendant to offer evidence "of the defendant's pertinent trait."[11] "'Pertinence'" is generally defined as relevance, meaning that the offered trait must have some tendency to prove or disprove an element of the offense charged or of a claimed defense."[12] "Courts have held that the general character trait of law-abidingness is pertinent to almost all criminal offenses."[13] Additionally, character traits of truthfulness and honesty are pertinent when a defendant, like Professor Asgari, is charged with fraud.[14]

Professor Asgari acknowledges Federal Rule of Evidence 405 and the appropriate methods for presenting character evidence. He objects, however, to any requirement that he provide the government advanced notice of any character evidence. The government acknowledges that the

---

[11] Fed. R. Evid. 404(a)(2)(A).

[12] *United States v. Al Asai*, No. 3:16-CR-00149-01-RGJ, 2018 WL 5816769, at *4 (W.D. Ky. Nov. 6, 2018) (citing *e.g.*, *United States v. John*, 309 F.3d 298, 303 (5th Cir. 2002)).

[13] *In re Sealed Case,* 352 F.3d 409, 412 (D.C. Cir. 2003); *see also U.S. v. Yarbrough,* 527 F.3d 1092, 1100-1103 (10th Cir. 2008); *U.S. v. Angelini,* 678 F.2d 380, 381-382 (1st Cir. 1982); *U.S. v. Han,* 230 F.3d at 563-564 (2d Cir. 2000) (finding error, albeit harmless, in exclusion of "reputation for uprightness").

[14] *In re Sealed Case,* 352 F.3d at 412 (citing *Edgington v. United States,* 164 U.S. 361, 363-64, 17 S.Ct. 72, 72-73, 41 L.Ed. 467 (1896); *Lechoco,* 542 F.2d at 88; *Hewitt,* 634 F.2d at 279; *United States v. Darland,* 626 F.2d 1235, 1237 (5th Cir.1980); *Carnley v. United States,* 274 F.2d 68, 69 (5th Cir.1960); *see generally Gordon v. United States,* 383 F.2d 936, 940 (D.C.Cir.1967)).

rules do not require the defense to disclose such information prior to trial.[15] Because this evidence

is admissible, there is no basis for requiring early disclosure. Additionally, there is no reason to

prohibit the defense from mentioning admissible character evidence in opening statements.

Respectfully submitted,

s/ STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar:  0051928
s/ EDWARD G. BRYAN
Assistant Federal Public Defender
Ohio Bar: 0055556
s/ CATHI ADINARO
Attorney at Law
Ohio Bar: 0088731
1660 West Second Street, #750
Cleveland, OH 44113
(216)522-4856 Fax:(216)522-4321
E-mail: stephen_newman@fd.org
E-mail: edward_bryan@fd.org
E-mail: cathi_adinaro@fd.org

Counsel for Sirous Asgari

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2019, a copy of the foregoing was filed electronically.  Notice of

this filing will be sent by operation of the Court's electronic filing system to all parties indicated

on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may

access this filing through the Court's system.

s/ CATHI ADINARO
Attorney at Law
Ohio Bar: 0088731

---

[15] (R. 105: Trial Brief, PageID 1300).