IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:16CR124 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| SIROUS ASGARI, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S OBJECTION TO AND |
| Defendant. | ) | MOTION TO RECONSIDER ORDER |
| | ) | AUTHORIZING THE WITHHOLDING |
| | ) | OF DISCOVERY |

Now comes the United States of America, by and through the undersigned counsel, and hereby files this Response in Opposition to Defendant Sirous Asgari's Objection to and Motion to Reconsider Order Authorizing the Withholding of Discovery.  (R. 152: Objection and Motion, PageID 1678-82).  For the reasons set forth below, Asgari's Objection and Motion should be denied.

**I.    INTRODUCTION**

On June 29, 2019, the Defendant filed his Objection to and Motion to Reconsider Order Authorizing the Withholding of Discovery (R. 152: Objection and Motion, PageID 1678-82) to the Court's Order dated June 27, 2019.  (R. 150: Order, PageID 1669-71) (the "June 27 Order"). The June 27 Order granted the government's Motion for a Protective Order pursuant to Section 4 of the Classified Procedures Act ("CIPA") and Rule 16 of the Federal Rules of Criminal Procedure, as to which a public Notice of Filing was filed on June 27, 2019.  (R. 149: Notice, PageID 1667-68).  In its June 27 Order, the Court held that the government had met the well-established standards set forth in United States v. Roviaro, 353 U.S. 53 (1957), and United States

v. Yunis, 867 F.2d 617 (D.C. Cir. 1989), as they apply to the discoverability of classified information, and that the classified information at issue "is not relevant and helpful to the defense." (R. 150: Order, PageID 1670). Accordingly, the Court found that the government had shown good cause why this material should be withheld from discovery. (Id.).

The Defendant's objections appear to be grounded in the arguments that (i) defense counsel both hold security clearances and have a "need to know" the material (a claim he makes despite not knowing what information is at issue); and (ii) the withheld information may include Brady material and information that is relevant and helpful to the defense. (R. 152: Objection and Motion, PageID 1679-80). The government asserts that the Court has already made a proper finding that, regardless of whatever security clearances defense counsel may have, the classified information is neither relevant nor helpful to the defense, and the circumstances of this specific case do not merit the disclosure of any classified information. The government submits that the Defendant has not advanced any meritorious argument or basis, or cited any legal authority, that would require disclosure of classified information that is neither relevant nor helpful to the defense.

The Defendant has not cited any controlling authority supporting his argument that holding a security clearance and a desire to see whatever classified information might exist serve as a sufficient basis to merit disclosure of classified information. Indeed, controlling case law and the plain language of CIPA Section 4 clearly support the government's ability to seek, and the Court to grant, an ex parte, in camera motion to withhold classified information should the government meet the requirements and standards of CIPA and Rule 16(d) and the legal authority referenced above. Accordingly, for the reasons stated in the June 27 Order, and for the reasons articulated below, this Court should overrule the Defendant's Objection and Motion.

## II.     DISCUSSION

Statutory and case law specifically provide for the government to proceed ex parte in seeking authority from the Court under CIPA and Rule 16 to withhold certain classified information. Specifically, CIPA Section 4 provides, <u>inter alia</u>:

> The court may permit the United States to make a request for [relief from discovery] in the form of a written statement to be inspected by the court alone. If the court enters an order granting relief following such an <u>ex parte</u> showing, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

18 U.S.C. App. III at § 4 (emphasis added). The Defendant's argument essentially takes the position that holding a security clearance obviates any reason for withholding classified information, even under circumstances where the Court may find it appropriate and justified, as was articulated in the Court's June 27 Order. However, Congress was intent on creating a mechanism in CIPA for the government to move <u>ex parte</u> and <u>in camera</u> for permission to restrict discovery of classified information, and the Court's authority to grant such motions. CIPA Section 4 was enacted "to clarify [] the court's powers under Federal Rule of Criminal Procedure 16(d)(l) . . . because some judges have been reluctant to use their authority under the rule." S. Rep. No. 96-823, at 6 (1980), as reprinted in 1980 U.S.C.C.A.N. 4294, 4299-300.

As noted above, Rule 16(d)(1) similarly contemplates that the government may proceed using <u>ex parte</u>, <u>in camera</u> submissions to the Court. See <u>United States v. Mejia</u>, 448 F.3d 436, 455-58 (D.C. Cir. 2006) (conducting an <u>ex parte</u>, <u>in camera</u> review of classified material under CIPA § 4 and Rule 16(d)). Federal Rule of Criminal Procedure 16(d)(l) provides that "[a]t any time, the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief," and that "[t]he court may permit a party to show good cause by a written statement that the court will inspect ex parte." Fed. R. Crim. P. 16(d)(l) (emphasis

3

added); see also United States v. Innamorati, 996 F.2d 456, 487 (1st Cir. 1993) ("[Rule] 16(d)(l) expressly authorizes the court to deny discovery of information sought by a defendant based on an ex parte showing by the government of the need for confidentiality."). According to the Advisory Committee Notes, "[a]mong the considerations to be taken into account" when deciding a motion under Rule 16(d)(1) is "the protection of information vital to national security." Rule 16 Advisory Committee Notes, 1966 Amendments, Subdivision (e).

Courts have consistently upheld the submission of ex parte, in camera motions under Rule 16(d)(l) and CIPA Section 4, and the Court's authority to rule on such motions. See United States v. Campa, 529 F.3d 980, 995 (11th Cir. 2008); United States v. Amawi, 695 F.3d 457, 472 (6th Cir. 2012) ("[E]very court that has considered this issue has held that CIPA permits ex parte hearings."); Mejia, 448 F.3d at 457-58 (approving CIPA Section 4 ex parte hearing); United States v. O'Hara, 301 F.3d 563, 568-69 (7th Cir. 2002) (district court properly conducted ex parte, in camera review to determine whether classified information was discoverable); United States v. Klimavicius-Viloria, 144 F.3d 1249, 1261-62 (9th Cir. 1998) ("In a case involving classified documents, however, ex parte, in camera hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may use in order to decide the relevancy of the information."); Yunis, 867 F.2d at 620; United States v. Sarkissian, 841 F.2d 959, 965 (9th Cir. 1988); United States v. Pringle, 751 F.2d 419, 427-28 (1st Cir. 1984), vacated and remanded on other grounds sub nom. United States v. McAfee, 479 U.S. 805 (1986); United States v. Pelton, 578 F.2d 701, 707 (8th Cir. 1978) (ex parte, in camera proceedings appropriate under Rule 16(d)(1) where prosecutors were concerned about safety of individuals if certain tapes were disclosed to defense); United States v. Abu-Jihaad, 2007 WL 2972623, at *1 (D. Conn. Oct. 11, 2007); United States v. Rahman, 870 F. Supp. 47, 49, 53

(S.D.N.Y. 1994); see also United States v. Daoud, 755 F.3d 479, 484-85 (7th Cir. 2014) (finding that defense counsel's possession of security clearances did not obviate need to have ex parte, in camera review of classified materials to determine whether disclosure would harm national security).

Courts have also recognized that although Rule 16(d)(1) and CIPA Section 4 speak only of the government submitting a motion (as in this case), "ex parte, in camera hearings in which the government counsel participates to the exclusion of defense counsel are part of the process that the district court may use," particularly "if the court has questions about the confidential nature of the information or its relevancy." Klimavicius-Viloria, 144 F.3d at 1261; see also Mejia, 448 F.3d at 457; United States v. Libby, 429 F. Supp. 2d 18, 24-25 (D.D.C. 2006).

The Defendant advances his first objection to the Court's June 27 Order by offering a recital of the security clearances held by defense counsel. (R. 152: Objection and Motion, PageID 1678-79). The Defendant thereafter argues that, inter alia, because the defense team holds security clearances, there is no good cause to withhold classified information. (Id., PageID 1681). This argument is based on a fundamental misunderstanding of the requirements governing dissemination of classified information. A security clearance does not entitle a person to receive any and all classified information; rather, an individual must also have a "need to know" in order to lawfully possess classified information. See Exec. Order 13526; §§ 4.1(a) & 6.1(dd). Merely asserting that defense counsel would prefer to evaluate for itself the relevance of the classified materials does not equate to an actual need to know that justifies the disclosure of classified information.

In Daoud, for example, the Seventh Circuit criticized the district court's misplaced emphasis on defense counsel's security clearances when determining whether information was discoverable:

> [Defense Counsel] seems to have thought that any concerns about disclosure were dissolved by defense counsel's security clearances. She said that "the government had no meaningful response to the argument by defense counsel that the supposed national security interest at stake is not implicated where defense counsel has the necessary security clearances"—as if disclosing state secrets to cleared lawyers could not harm national security. Not true. Though it is certainly highly unlikely that Daoud's lawyers would, Snowden-like, publicize classified information in violation of federal law, they might in their zeal to defend their client, to whom they owe a duty of candid communication, or misremembering what is classified and what not, inadvertently say things that would provide clues to classified material. . . .
>
> It's also a mistake to think that simple possession of a security clearance automatically entitles its possessor to access to classified information that he is cleared to see. (The levels of classification differ; someone cleared for Secret information is not entitled to access to Top Secret information.) There are too many leaks of classified information—too much carelessness and irresponsibility in the handling of such information—to allow automatic access to holders of the applicable security clearances. . . . Like the Fifth Circuit in United States v. El–Mezain, 664 F.3d 467, 568 (5th Cir. 2011), "we are unpersuaded by the defendants' argument that the Government's interest [in confidentiality] is diminished because defense counsel possess security clearance to review classified material."
>
> So in addition to having the requisite clearance the seeker must convince the holder of the information of the seeker's need to know it.

755 F.3d at 484; see also El-Mezain, 664 F.3d at 568; United States v. Ott, 827 F.2d 473, 477 (9th Cir. 1987) ("Congress has a legitimate interest in authorizing the Attorney General to invoke procedures designed to ensure that sensitive security information is not unnecessarily disseminated to anyone not involved in the surveillance operation in question, whether or not she happens for unrelated reasons to enjoy security clearance."); cf. Libby, 429 F. Supp. 2d at 48; United States v. Ahmad, No. 3:04CR301 JCH, 2013 WL 1899792, at *3 (D. Conn. May 1, 2013)

6

("[T]he Libby court did not create an obligatory test that must be performed whenever [the defense team] holds a security clearance.").

The Defendant's second argument, or objection, claims that he is entitled to any classified information that is "relevant and helpful" to his defense, regardless of CIPA.  (R. 152: Objection and Motion, PageID 1680).  This argument overlooks that the Court has already found that the material the government sought to withhold under CIPA "is not relevant and helpful to the defense."  (R. 150: Order, PageID 1670).  That the defense team may desire to review any classified material for their own information does not to create a basis under CIPA or any controlling case law to merit the disclosure of classified information as part of Rule 16 discovery.

In addition, the Defendant states, in apparent reference to classified information, that "at the June 12th status conference it was mentioned that the information is Brady material."  (R. 152: Objection and Motion, PageID 1680).  The government believes that this is an incorrect or mistaken reference to possibly a remark that there was not any material that the government would seek to withhold that would constitute Brady or otherwise exculpatory information.  In sum, the government did not make any such assertion and has no knowledge of any type of exculpatory information being withheld from the Defendant.  Further, the government fully recognizes that CIPA, in no manner, counteracts a constitutional obligation to disclose exculpatory information.

Finally, in addition to describing the legal authority for the government to proceed ex parte, and the Court's authority to rule on an ex parte motion, the government set forth in its Section 4 Motion the case-specific reasons for why any classified information should be

7

withheld.  By seeking to examine classified information for his own purposes, the Defendant would, in effect, render illusory the government's rights under CIPA Section 4.

### III.    CONCLUSION

The Defendant has provided no authority whatsoever to support his Objection and Motion.  In fact, the statutory language, legislative history, and case law all firmly support the government's ability to make ex parte, in camera filings under CIPA Section 4 and Rule 16(d)(1), and for the Court to consider ex parte and in camera such a motion and to make a ruling and enter an Order, as was done in this case.  For the reasons stated herein, as well as the reasons provided in both the government's CIPA Section 4 Motion, the Court should deny the Defendant's Objection to and Motion to Reconsider the Court's June 27 Order.

        Respectfully submitted,

        JUSTIN E. HERDMAN
        United States Attorney

By:   /s/ Daniel J. Riedl
      Daniel J. Riedl (OH: 0076798)
      Om M. Kakani (NY: 4337705)
      Assistant United States Attorneys
      United States Court House
      801 West Superior Avenue, Suite 400
      Cleveland, OH 44113
      (216) 622-3669/3756
      (216) 522-7358 (facsimile)
      Daniel.Riedl@usdoj.gov
      Om.Kakani@usdoj.gov

      William A. Mackie
      Trial Attorney, National Security Division
      United States Department of Justice

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Daniel J. Riedl
Daniel J. Riedl
Assistant U.S. Attorney