UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | CASE NO. 1:16-cr-124 |
| Plaintiff, : | ORDER |
| : | [Resolving Docs. 149, 152 ] |
| vs. : |  |
| SIROUS ASGARI, : |  |
| Defendant. : |  |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 27, 2019, the government filed notice of filing a Classified Ex Parte, In Camera, and Under Seal Motion for a Protective Order under the Classified Information Procedures Act.[1]  Shortly thereafter, the Court issued an order granting the government's request to withhold discovery from the defense.[2]

Defendant now moves the Court for reconsideration of that order, as Defendant did not earlier have a chance to object to it.[3]  The government opposes the motion[4].

"[The Classified Information Procedures Act] authorizes district courts to limit access to classified information to persons with a security clearance as long as the application of this requirement does not deprive the defense of evidence that would be 'useful to counter the government's case or to bolster a defense.'"[5]  "[The Act] leaves the precise conditions under which the defense may obtain access to discoverable information to the informed

---

[1] Doc. 149.
[2] Doc. 150.
[3] Doc. 152.
[4] Doc. 154.
[5] *In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 122 (2d Cir. 2008) (citation omitted).

Case No. 1:16-cr-124
Gwin, J.

discretion of the district court."[6]

The Court grants in part Defendant's motion for defense counsel to access the classified information. Specifically, the Court will permit Federal Public Defender Stephen Newman to review the classified materials.

The Court finds that this would strike the proper balance between the public's national security interests and Defendant's right to a fair trial. This information would otherwise be discoverable, and defense counsel is better positioned than the Court to determine what is relevant and helpful to Defendant Sirous Asgari's defense.

The Classified Information Procedures Act creates inherent case management problems. Under that Act, presiding judges make ex parte review of proffered materials to decide whether documents are important to the defense. But, and appropriately, reviewing judges know little of the government's case. And reviewing judges know even less of the defense case. Against this backdrop, the Court finds defense counsel review of the materials appropriate.

Defense Attorney Stephen Newman is a retired Marine Colonel. Since 1984, he has had a clearance. Currently, he holds a Top Secret—Sensitive Compartmented Information (TS-SCI) security clearance. A TS-SCI clearance makes Attorney Newman eligible to have access to information classified at or above Top Secret. Given Newman's lengthy Marine Corps service and his TS-SCI security clearance, the risk of disclosure of sensitive national security information is minimal.

Defense counsel Newman may not disclose the materials to any person unless he

---

[6] *Id.*

-2-

Case No. 1:16-cr-124
Gwin, J.

receives prior court approval to do so. Before the Court will make any decision about any additional disclosure of classified information, the Court will require a hearing with Newman and the government, where Newman will be required to give a satisfactory reason for the disclosure of the information.

    The Court orders the government to make a secure location available to Newman for the review of materials by Wednesday, July 10, 2019.

    IT IS SO ORDERED.

Dated: July 8, 2019                *s/     James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE