UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SIROUS ASGARI,

    Defendant.

CASE NO. 1:16-cr-124

ORDER

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    This case presents the question whether, in a criminal prosecution, the government can withhold potentially relevant and helpful evidence from a defendant. And this case presents the question whether the government should give a defense attorney with a high security clearance at least a non-classified summary of the general nature of the material withheld when the Court has ordered that defense attorney to share the summary with no one unless the court approves disclosing the summary.

    On June 27, 2019, the government filed notice of filing a Classified Ex Parte, In Camera, and Under Seal Motion for a Protective Order under the Classified Information Procedures Act.[1] Shortly thereafter, the Court issued an order granting the government's request to withhold discovery from the defense.[2] With limited information regarding the government's case and less information regarding the defense case, the Court found the proffered materials not helpful to the defense case.

---

[1] Doc. 149.
[2] Doc. 150.

Defendant moved the Court for reconsideration of that order. Defendant argued that it had not been given notice or an earlier chance to object to it.[3] The government opposed the motion.[4]

On July 8, 2019, the Court granted Defendant's motion in part, issuing a narrow ruling that, *inter alia*, required the government to make a secure location available to Defense attorney Federal Public Defender Stephen Newman to view the classified materials by Wednesday, July 10, 2019.[5] The Court found that this would strike the proper balance between the public's national security interests and Defendant's right to a fair trial.

Defense attorney Newman is a retired Marine Colonel. Since 1984, he has had a clearance and he holds a Top Secret—Sensitive Compartmented Information (TS-SCI) security clearance, making him eligible to have access to information classified at or above Top Secret.

With the order, the Court concluded that classified information needed to be protected but that defense counsel was better positioned to show that evidence could be relevant or helpful to the defense. The Court doubted that the withheld information would give Defendant any new defense options but the Court understood it had little information to make that determination.

The Court's order required Attorney Newman not disclose to anyone any information from the review without a Court order. The Court believes that defense counsel Newman's lengthy military service and high-level clearance made the risk that classified information would be disclosed almost non-existent.

---

[3] Doc. 152.
[4] Doc. 154.
[5] Doc. 158.

Shortly after the Court's ruling, the government filed a notice of interlocutory appeal from the order and moved to stay the district court proceedings.[6] This morning, July 11, 2019, the Court held a telephone hearing with counsel for the parties. At that hearing, the government represented that it had never given defense counsel any description or summary of what the withheld material was.

After finding that the government had given no summary of the nature of the materials, the Court directed the government to disclose generic descriptions without classified information. The Court surmised that Defense Attorney Newman might agree with the Court's finding that the withheld materials gave no new defense avenues. If so, the summaries and Defense Attorney Newman's withdrawal of the request to examine the documents could end the need for appeal.

The Court never directed the government to provide classified information in the summaries. Instead, the Court ordered the government to give general summaries without classified information, classified sources or classified methods.

The Court believed summaries might end defense counsel's request to examine the withheld materials.

During the hearing, the parties noted that, as the Classified Information Security Officer had used the wrong social security number when attempting to verify defense counsel Newman's clearance, the government had not yet verified Newman's clearance, but that this would likely be resolved as soon as the correct social security number was used.

---

[6] Doc. 163 (stay motion); Doc. 164 (notice of interlocutory appeal); Doc. 165 (supplement to stay motion).

Trial is set for Monday, July 15, 2019.

## Discussion

"The Classified Information Procedures Act (CIPA), 18 U.S.C.App. 3, provides a set of procedures for federal courts to follow when the government seeks to protect classified information from disclosure."[7] CIPA is primarily a procedural statute. CIPA does not give admissibility rules for classified information or otherwise alter criminal procedure rules. Nor does CIPA expand or limit the government's discovery obligations. Instead, the statute creates a mechanism designed to protect both classified information and the defendant's right to a fair trial.

Congress enacted CIPA to combat the growing problem of graymail—the practice of a defendant threatening to disclose classified information, such as national security intelligence or sources and methods, during the course of a prosecution with the hope that the government would drop the charges against him.[8]

CIPA Section 4 explains what classified information the government may withhold from discovery.[9] "[E]vidence that 'is relevant and helpful to the defense' cannot be withheld."[10] In the Sixth Circuit, courts use a three-part test to determine whether classified information should be disclosed to the defense:

> First, the court must assess whether the information crosses the low hurdle of relevance. Second, the court must determine whether the assertion of privilege by the government is at least a colorable one. Third, because classified information is not discoverable on a mere showing of theoretical relevance, the threshold for

---

[7] *United States v. Amawi*, 695 F.3d 457, 468 (6th Cir. 2012).

[8] *E.g.*, *United States v. Anderson*, 872 F.2d 1508, 1514 (11th Cir. 1989) ("CIPA was enacted by Congress in an effort to combat the growing problem of greymail, a practice whereby a criminal defendant threatens to reveal classified information during the course of his trial in the hope of forcing the government to drop the criminal charge against him." (citing *United States v. Smith*, 780 F.2d 1102, 1105 (4th Cir.1985))).

[9] *Amawi*, 695 F.3d at 468.

[10] *Id.* at 469.

discovery *in this context* further requires that the information is at least *helpful to the defense of the accused.*[11]

The Court observes that this "helpfulness" standard creates serious challenges for district courts. When reviewing withheld information, district courts typically know almost nothing about the government's case, and even less about the defense's case.

Asking district courts to place themselves in the shoes of defense counsel is a challenging and problematic task. Under our laws and traditions, all ex parte case procedures create problems.

While district courts may believe they have appropriately reviewed the withheld evidence, their limited case knowledge makes questionable whether reviewing courts can actually identify what exculpatory or otherwise helpful information might assist the defense. "Because a court is not fully aware of the factual nuances of the case, it cannot on its own surmise, for example, whether the date of a particular communication would be helpful to the defense, or whether the number of times a certain topic was raised in conversation, or the specific wording used to express an idea, might support a defendant's theory of the case."[12]

CIPA Section 6 gives procedures for cases involving classified information.[13] Section 6 specifically contemplates that the government give the defense at least some notice of the general category of information that it seeks to withhold. In situations where the government has not previously revealed the classified information to the defense, Section 6 states that "the information may be described by generic category, in such form

---

[11] *Id.* at 470 (citations, alterations, and quotation marks omitted).
[12] *United States v. Brown*, No. 5:14-CR-58-FL, 2014 WL 1572553, at *4 (E.D.N.C. Apr. 18, 2014).
[13] *Amawi*, 695 F.3d at 469.

as the court may approve, rather than by identification of the specific information of concern to the United States."[14]

In the present case, the government has not given the defense any generic description of the type of information.

In seeking to withhold the classified information, the government appears concerned about disclosing sources and methods that arguably could affect national security. However, the summaries to be given to defense counsel Newman can protect sources and methods.

As mentioned during the telephone conference, the Court ordered the government to provide a summary of the general nature of the classified materials that it has asked the Court not to produce. The government's summary should not include any classified information, or any information tending to reveal sources and methods. The Court ordered the government to hand deliver a copy of that non-classified summary to defense counsel Newman by 2 p.m. today. Defense counsel Newman was ordered to protect those summaries from disclosure until further Court orders authorize disclosure of the summaries.

The summaries should be similar to those described in CIPA Section 6(c). That section provides that if the Court finds that the disclosure of the classified information is required, the government can ask that it only be required to give the summaries. The Court can approve substituting the summary "if it finds that the statement or summary will provide the defendant with substantially the same ability to make his defense as would

---

[14] CIPA § 6(b)(1).

Case No. 1:16-cr-124
Gwin, J.

disclosure of the specific classified information."[15]  Requiring the government to disclose to defense counsel Newman a non-classified description of the nature of the withheld information will not disturb CIPA's purpose of preventing defendants from gray-mailing the government.

The Court required defense counsel Newman to review the government's non-classified summary and, based on that review, determine whether Defendant withdraws his request for the underlying classified information.  The Court had ordered that, by 4 p.m., Newman respond as to whether or not he is withdrawing his request for access to the classified information.

The Court has been alerted that the Sixth Circuit has issued an order temporarily staying the Court's order "requiring it to disclose classified information to Defendant Sirous Asgari's counsel by 2:00 p.m. today."  To be clear, the Court never required the government to disclose classified information.  In fact, the exact opposite is true. The Court required the government to provide non-classified descriptions of the general nature of the classified information to defense counsel Newman *in lieu of* disclosing the classified information.

Additionally, the Court holds its July 8, 2019 order requiring disclosure to defense counsel Newman in abeyance pending the government's disclosure of the summaries to defense counsel and defense counsel's response.  The Court's July 8, 2019 order requiring disclosure to defense counsel Newman is now contingent upon the Classified Information Security Officer's successful verification that Newman's security clearance is currently

---

[15] CIPA § 6(1).

-7-

Case No. 1:16-cr-124
Gwin, J.

active.[16]  If this is not the case, the Court withdraws the July 8, 2019 order.

The parties can determine how the Court of Appeals stay order impacts these duties.

## Conclusion

Repeating, the Court ordered the government to generate a summary of the general nature of the classified materials that it has asked the Court not to produce—a summary that does *not* include any classified information, or any information tending to reveal classified information—and hand deliver a copy of that non-classified summary to defense counsel Newman by 2 p.m. today.

The Court required defense counsel Newman to review the government's non-classified summary and, based on that review, determine whether Defendant withdraws his request for the underlying classified information. The Court had directed that by 4 p.m., Newman respond as to whether or not he is withdrawing his request for access to the classified information.

IT IS SO ORDERED.

Dated:  July 11, 2019           *s/    James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[16] *See* Doc. 173.