**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:16-CR-124 |
| Plaintiff, | : | |
| | : | JUDGE JAMES S. GWIN |
| -vs- | : | |
| | : | |
| SIROUS ASGARI, | : | **DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO STAY** |
| Defendant | : | |

In accordance with this Court's July 12th, 2019 order, Professor Asgari, through undersigned counsel submits the following response to the government's motion to stay.[1]

**1. The July 8, 2019 Order**

On July 8, 2019, this Court granted, in part, the defense's motion to reconsider its previous order permitting the government to withhold discovery from the defense.[2] The Court narrowed the disclosure to only Attorney Stephen Newman, citing his long-held Top Secret TS-SCI clearance and lengthy military service in the Marines. The Court further required Attorney Newman to obtain approval from the Court prior to disclosing the information to anyone else, including the rest of his defense team. The other two members of the defense team also hold security clearances – Attorney Adinaro holds a Top Secret security clearance, and Attorney Bryan holds a Secret-level security clearance.

---

[1] Yesterday, the defense filed a response in opposition to the government's emergency motion to stay in the Sixth Circuit Court of Appeals. (Case No. 19-3648, Dkt. 8).
[2] Dkt. 158

The government filed an interlocutory appeal and a motion to stay the July 8th order until the appeal could be resolved.[3] The defense agrees that the government's appeal divests this Court of jurisdiction to modify the July 8th order or to proceed to trial while the appeal is pending. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); 18 U.S.C. App. 3, § 7.

### 2. The Unclassified Summary

Despite the government's appeal from the July 8th order, this Court retained jurisdiction to issue the July 11th order requiring the government to produce unclassified summaries of the information. An interlocutory appeal does not divest the trial court of jurisdiction to continue deciding other issues involved in the case that are unrelated to the appeal. *Zundel v.* Holder, 687 F.3d 271, 282 (6th Cir. 2012) (citing Weaver *v. Univ. of Cincinnati*, 970 F.2d 1523, 1528-29 (6th Cir. 1992)). *Accord Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013).

The order to produce the nonclassifed summary of the CIPA information does not infringe on the government's appeal requiring disclosure of classified information. These are two separate matters. While the defense acknowledges that the summaries taken from classified documents are initially marked classified, the summary can be submitted to the original classification authority (OCA), who has the power to mark it unclassified. Exec. Order 13526, ¶ 3.1.

The defense objected to the government's request to stay this Court's order to produce an unclassified summary.[4] However, this morning, the government filed a notice of an interlocutory appeal from this Court July 11th, 2019 order requiring disclosure of the unclassified summary.

---

[3] Dkt. 163, 164
[4] Case No. 19-3648, Dkt. 8

The defense acknowledges that the filing of this appeal divests this Court of jurisdiction to enforce that order.

### 3. Update on Attorney Newman's Clearance

Attorney Newman was advised yesterday that his security clearance is currently "out of scope" and he is in the process of submitting the necessary paperwork to get his clearance into compliance.[5] The Department of Defense only requires 10 year classification review but the Department of Justice requires 5 year classification review. Attorney Newman was informed that he will be able to obtain an interim clearance "possibly in a few weeks."

The defense requests this Court not vacate its July 8th order for several reason. First, the government's failure to provide the defense any notice of possible CIPA information in this case is the cause of the delay. It is patently unfair to punish the defense because Attorney Newman needs time to get his security clearance "in scope." The first the defense knew of the possibility of CIPA information was at the status conference on June 12, 2019. At this status conference, the Court set a trial date of July 15th, 2019. Yet, the government did not file the CIPA information with the Court until June 27, 2019.[6] Attorney Newman was only notified yesterday that his security clearance is "out of scope" and he is working diligently to obtain an interim clearance.

Additionally, Attorneys Adinaro and Bryan have active security clearances. In a recent call with the government, the defense asked the government what level of classification would be needed to review the documents. The government declined to answer the question. If the Court regains jurisdiction of the July 8th order prior to Attorney Newman's interim security clearance,

---

[5] The process of submitting this paperwork was delayed due to the government having an incorrect social security number. This issue has now been rectified.

[6] Even if the government was not required to provide notice under 18 U.S.C. App. 3, § 6(b), it should have moved for pretrial conference for the court "to consider matters related to classified information that may arise in connection with the prosecution." 18 U.S.C. App. 3, § 2.

the defense requests this Court require the government to disclose the information to either Attorney Adinaro or Attorney Bryan, depending on the security level of the information involved.

Secondly, the Court's rationale for requiring disclosure to one of the three security-cleared defense counsel is sound and raises an important issue that this Court should not abandon. This Court recognized that the

> Classified Information Procedures Act creates inherent case management problems. Under that Act, presiding judges make ex parte review of proffered materials to decide whether documents are important to the defense. But, and appropriately, reviewing judges know little of the government's case. And reviewing judges know even less of the defense case.[7]

Without some input from the defense, this Court cannot determine what is relevant and helpful to the defense. The Court's order appropriately balances the need to protect classified information and the defense's right to see discoverable information in order to help the Court determine if it is relevant and helpful to the defense. The order was thoughtful and narrow. Not only did the order limit the disclosure to one person, the order prohibited Attorney Newman from disclosing the information to anyone else, including other defense counsel, absent his demonstrating to the Court that disclosure was necessary and receiving "prior court approval."

If the government is not willing to disclose the information to Attorney Newman pursuant to this Court's narrow July 8th order, it is free to dismiss the case.

Respectfully submitted,

s/ STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928
s/ EDWARD G. BRYAN
Assistant Federal Public Defender
Ohio Bar: 0055556

---

[7] Dkt. 158, PageID 1712

s/ CATHI ADINARO
Attorney at Law
Ohio Bar: 0088731
1660 West Second Street, #750
Cleveland, OH 44113
(216)522-4856 Fax:(216)522-4321
E-mail: stephen_newman@fd.org
E-mail: edward_bryan@fd.org
E-mail: cathi_adinaro@fd.org

Counsel for Sirous Asgari

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

s/ CATHI ADINARO
Attorney at Law
Ohio Bar: 0088731