UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
UNITED STATES OF AMERICA, :
: Case No. 1:16-cv-00124
       Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 185]
SIROUS ASGARI, :
:
       Defendant. :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Asgari faces visa fraud, wire fraud, and theft of trade secrets charges. Defendant seeks an order requiring the Government to modify its trial exhibit 1402.

Government exhibit 1402 is an audio clip of an FBI interview of Defendant.[1] As currently edited, the clip omits the first three minutes of the interview. The omitted portion records the FBI agent thanking Asgari for meeting the agent on short notice, explaining the reason for the interview, and asking why Asgari came to Cleveland. Defendant Asgari responds that he is in the United States to visit his children. The agent and Asgari then discuss their children. The Defendant requests that the Court order the Government to include the omitted audio.

Defendant argues that under Fed. R. of Evid. 106's rule of completeness the Government should include the omitted audio.[2]

The Government argues that the omitted audio is hearsay.[3] The Government says that evidentiary rules prohibit defendants from introducing out-of-court exculpatory

---

[1] Doc. 185.
[2] Doc. 153.
[3] Doc. 105.

statements and that the Defendant must testify during trial if he wants his version of events before the Court.[4]

"If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time."[5] "The rule is based on two considerations. The first is the misleading impression created by taking matters out of context. The second is the inadequacy of repair work when delayed to a point later in the trial."[6]

While both considerations, context and later repair work, guide the Court's decision here, the concern for context predominates. The beginning of the interview contextualizes the Defendant's overall conversation with the agent as well as the agent's initial question in the government's edited clip: "So you came to visit the children?" Requiring the first few minutes of the interview to be played at the same time as the Government's clip avoids presenting the jury with a misleading impression of the conversation. The Defendant's omitted statements give context to his later statements that the Government seeks to admit.

For the foregoing reasons, the Court **GRANTS** Defendant's motion and requires the Government to include the beginning of the audio if it intends to admit its exhibit 1402. Any related transcript should also be edited accordingly.

IT IS SO ORDERED.

---

[4] *Id.*
[5] Fed. R. Evid. 106.
[6] Advisory Committee Notes to Fed. R. Evid. 106 (1972).

Case No. 1:16-cv-00124
Gwin, J.

Dated: November 8, 2019

*s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE